## W. E. ODUM v. NATIONAL OIL COMPANY.

(Filed 4 May, 1938.)

1. **Master and Servant § 12—Evidence of negligence of owner, resulting in injury to independent contractor in performance of work, held for jury.**

    Plaintiff's allegations and evidence were to the effect that he was employed as an independent contractor to perform certain work on the roof of defendant's building, that in the performance of the work defendant gave plaintiff permission to use certain scaffolding around the building, that due to a defect in the material of which plaintiff had no knowl-

edge, the scaffolding gave way under plaintiff as he was using it in the performance of the work, causing plaintiff to fall to his serious injury. Defendant alleged and offered evidence to the effect that the scaffolding which fell was built by plaintiff and that plaintiff was guilty of contributory negligence. *Held:* The conflicting evidence was properly submitted to the jury upon the issue of negligence under instructions that the burden was on plaintiff to prove negligence on the part of defendant in failing to exercise due care to select reasonably safe materials for the scaffolding, proximate cause, and that the scaffolding that fell was built by defendant and not plaintiff, and the refusal to submit the issue of contributory negligence, for want of evidence to support it, was not error.

**2. Master and Servant § 49—**

Where the Industrial Commission refuses compensation on the ground that claimant was an independent contractor and not an employee, the Superior Court has jurisdiction of an action by the independent contractor to recover for the injury upon allegations of negligence.

**3. Master and Servant § 4a—Relationship of owner and independent contractor held not changed by contractor's agreement to do additional work.**

The relationship of owner and independent contractor is not changed by the fact that the contractor agrees to do additional work of the same nature not covered by the original contract, which additional work is under the contractor's control, including the furnishing of labor and material, the owner being interested solely in the result.

**4. Trial § 32—**

The refusal to give instructions requested in the language prayed for will not be held for error when the charge, taken as a whole, fully charges the law applicable to the facts.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Grady, J.,* and a jury, at February Term, 1938, of CRAVEN. No error.

This is an action for actionable negligence, brought by plaintiff against defendant to recover damages.

The complaint of plaintiff alleges in part that defendant is a corporation engaged in selling oil and oil products, both wholesale and retail, within the State of North Carolina, and in connection therewith acquires lands and constructs buildings for the purpose of carrying on said business. "That shortly prior to 22 December, 1936, plaintiff was engaged to assist in the construction of a filling station on State Highway, Route No. 30, at a point about one mile west of the city limits of the city of New Bern, and particularly engaged to cover the roof of said building, and a shed or protruding eaves designated as a canopy, according to the plans and blueprint furnished him by the defendant.

That upon entering said agreement, it was understood between the parties that the scaffolding used in the construction of the walls and understructure of the roof of the building was to be allowed to remain

for the use of the plaintiff in carrying out the work he was engaged to do, and he did use the same and completed the work as originally planned, when, upon request of the defendant, the work contemplated to be done by the plaintiff was extended so as to place an additional canopy, known as a return, extending about eight feet from the eastward edge of said building, and for the purpose of carrying on the additional work, the scaffolding, as hereinbefore stated, erected by the defendant, was permitted to remain for the use of the plaintiff.

That when said plaintiff undertook to carry out the work and place the metal on the return, in accordance with his instructions from the defendant, he went upon said scaffolding, as was necessary for him to do, and, just as he was beginning to perform the work for the defendant, the scaffolding gave way, broke and fell to the ground, carrying the plaintiff to the ground with it and causing plaintiff to fall upon the ground and striking the ground with his head, thereby seriously and permanently injuring plaintiff, which said injury resulted in breaking plaintiff's neck by breaking in two the fifth vertebra. That immediately thereafter plaintiff was carried to the hospital in the city of New Bern, where X-rays were taken and medical treatment administered and it was found that it was necessary to place the plaintiff, from his waist up, in a heavy plaster cast. That said plaintiff was confined to his bed for many weeks and was compelled to wear the plaster cast for a period of more than six weeks. That plaintiff has never recovered fully from said injury, and, for a long period of time after the removal of the plaster cast, was compelled to wear a leather yoke or neck piece in order to support his head. That plaintiff continues to suffer and is informed by eminent physicians attending him that he will continue to suffer because of said injury, permanently, and will never be able to do and perform the kind of work for which he has been trained and in which he has been engaged throughout his life.

That defendant's negligence in failing to furnish plaintiff a safe place to work, as hereinbefore and hereinafter set out, was the sole and proximate cause of the plaintiff's injury, in that said defendant provided an insecure and defective scaffold, which said defects were unknown to the plaintiff at the time he undertook to perform the work, although plaintiff received assurance from the superintendent and agent of the defendant that the said scaffold was secure and altogether a safe place for him to work.

That by reason of the negligence of the defendant, resulting in the injury to the plaintiff as hereinbefore alleged, said plaintiff has suffered serious and permanent physical injury and has been and will be permanently prevented from performing work in which he has heretofore been engaged," etc., and prays for a certain amount of damages.

The defendant denied the material allegations of the complaint and "avers that the plaintiff, after beginning said work, requested permission to use the scaffolding erected at said building and, in addition thereto, the plaintiff, to carry out his work, erected additional scaffolding in and around said building. . . . The defendant avers in this connection, that while performing the work which the plaintiff was undertaking to do, that he did fall from the scaffolding erected by him, causing whatever injury the plaintiff sustained. . . . For a further defense, this defendant says that if this plaintiff was in anywise injured as alleged in the complaint, that said injury was due to his own careless and negligent conduct in the manner of the construction of said scaffolding and his own use of the same, and this defendant pleads such contributory negligence on the part of the plaintiff in bar of any recovery by him in this action."

The issues submitted to the jury, and their answers thereto, were as follows:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Ans.: 'Yes.'

"2. What damages, if anything, is the plaintiff entitled to recover of the defendant? Ans.: '$16,000.' "

On the trial numerous exceptions and assignments of error were made by defendant. The material ones will be considered in the opinion.

*H. P. Whitehurst, M. S. Dunn, and R. E. Whitehurst for plaintiff.*
*Barden & Stith and Dunn & Dunn for defendant.*

CLARKSON, J. At the close of plaintiff's evidence and at the close of all the evidence, the defendant in the court below made motions for judgment as in case of nonsuit. C. S., 567. The court below overruled these motions and in this we can see no error.

The evidence on the part of plaintiff was plenary to be submitted to the jury and the evidence sustained the allegations of the complaint. At the conclusion of the reading of the pleadings, the defendant moved the court to dismiss the action on the ground that under the pleadings jurisdiction thereof was with the Industrial Commission under the Workmen's Compensation Act of North Carolina. In considering said motion, the court was furnished with the findings of fact of the North Carolina Industrial Commission and the judgment based thereon: (The facts are set forth.) "Upon the finding that at the time of his injury on 22 December, 1936, the plaintiff was an independent contractor, and not an employee of the defendant employer, the claim for compensation is denied. . . . Upon all the evidence in this case, the Commission finds as a fact that the plaintiff was an independent contractor at the time he sustained his injury, 22 December, 1936. Compensation is denied and each party will pay its own cost."

There was no appeal by either party to the finding of fact and denial of compensation on the ground that "plaintiff was an independent contractor." The opinion was filed on 18 March, 1937. The present action was brought on 18 May, 1937. In the present case there is no evidence that the parties stood in the relationship of master and servant or employer and employee.

N. C. Code, 1935 (Michie), section 8081 (k), is as follows: "From and after the taking effect of this article every employer and employee, except as herein stated, shall be presumed to have accepted the provisions of this article respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby, unless he shall have given, prior to any accident resulting in injury or death, notice to the contrary in the manner herein provided." The above section is not applicable to the facts in the present action.

The material questions involved: (1) Where plaintiff, an independent contractor, was injured by the negligence of the defendant, does the Superior Court have jurisdiction of an action brought to recover damages for such injury? Yes. (2) Where plaintiff, an independent contractor, agreed to extend the contract so as to include a "return" at the corner of the building, does such addition to the contract change the relation as an independent contractor when all of said work was under plaintiff's control, including the furnishing of all necessary labor and material used, and the defendant looked only to the result? No.

There was a conflict in the evidence as to who put up the scaffolding on which plaintiff had to stand to do the work and which fell causing his injury. In the charge of the court below this was left for the jury to determine. Also the question of due care. The court below charged the jury, in part: "The charge in the complaint against the defendant, gentlemen, so far as this first issue is concerned, is that it was guilty of negligence. That is, that it was guilty of failing to exercise due care, that it failed to exercise that degree of care which a man of ordinary prudence would or should exercise under the same or similar circumstances. The care having reference to the building of the scaffold, if it was constructed by the defendant or by its agents, they knowing at the time that it was going to be used by the plaintiff, that he was going to stand upon it while discharging his duties in covering the roof. I charge you that it was the duty of the defendant to use ordinary care in the selection of the material out of which the scaffold was constructed, that is, to use the degree of care which a man of ordinary prudence would use under the same or similar circumstances. And if he fails to do so, that is, if you find that the defendant built the scaffold and failed to exercise that degree of care which it should have exercised under the circumstances, and if such failure on its part was the proximate cause

of the injuries received by the plaintiff, then it would be your duty, gentlemen, to answer the first issue 'Yes.' If you do not so find, it would be your duty to answer it 'No.' Again, in respect to this issue, I charge you, gentlemen, that if the plaintiff has failed to satisfy you by the greater weight of the evidence that the defendant and its agents constructed this scaffold, but, on the other hand, it appears to you that the plaintiff himself built the scaffold, or built that part of it which fell, which gave way and caused him to be injured, then I charge you he cannot recover in this case, because if he undertook to construct the scaffold on which he was going to stand, he being .an independent contractor, according to his own contention, and if he built the scaffold to such an extent that it would not bear his weight, but fell as he stood on it and caused him to fall to the ground and injure his neck, then, gentlemen of the jury, as a matter of common sense, he would be responsible for his own conduct and he could not recover out of the defendant." The above charge gives a clear and concise statement of the controversy.

George McDaniel testified, in part: "Mr. Messick (Will Messick, agent for defendant) and his crew put the staging up and Mr. Tosto was among them; that the staging he referred to was a part of the same which fell with Mr. Odum; that witness was standing in the open about 30 feet from Mr. Odum and saw him fall. Upon being questioned as to what caused the staging to fall, he stated the barrow that went out from the building and went up the 2x4 broke; *that it was weak and seemed to be a knotty piece of wood.*"

Alex Tosto testified, in part: "That he put up the staging that fell and was ordered by Mr. Messick to build it; that if Mr. Odum built any part of that staging he didn't see it; that Mr. Odum did not have anything to do with the part that fell, because it was already up. . . . Witness testified that it was the cross barrow that broke, explaining that at the north end of the house there was an upright set off from the house and this was held up and attached to the wall of the house by the cross arm or barrow which supported the floor of the staging, and that this barrow broke in two, letting the stage down and precipitating Mr. Odum to the ground."

Carl Chadwick testified, in part: "That he did not know who put them up; that he did not see Mr. Odum fall, but saw him immediately afterwards and that he examined the staging after Odum fell; that *the board was weak* and the barrow broke, pulling the nails out from the piece that was in the house."

The defendant contends that the issue of contributory negligence should have been submitted to the jury. On the evidence the court below refused to submit the issue for lack of evidence, and in this we think the court was correct.

The defendant's prayers for instructions were not given in the language prayed for, but, taking the charge as a whole, the law applicable

to the facts were fully given by the court below, and the refusal was not prejudicial.

We see no prejudicial error in the admission of evidence complained of by defendant, nor as to the charge of the court below as to damages. The case is mainly one of disputed facts, and the charge, free from error, left the facts for determination by the jury. They found for plaintiff and, on the whole record, we find no prejudicial or reversible error.

No error.

SEAWELL, J., took no part in the consideration or decision of this case.