J. M. SPELL v. SMITH-DOUGLAS CO., INC.

**1. Negligence § 4f(2)—**

The proprietor of a business establishment is not an insurer of the safety of his invitees, but is under duty to exercise ordinary care to keep the premises in a reasonably safe condition and to give warning of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection and supervision.

**2. Same—**

Plaintiff's evidence tended to show that he was an invitee and fell to his injury, while standing on the platform of defendant's warehouse, when his heel crushed through a rotten board, but plaintiff's evidence

further tended to show that there was nothing in the appearance of the board to show that it was defective but that it looked sound from both the bottom and top. *Held:* Nonsuit was proper, since the evidence fails to show that a reasonable inspection on the part of the proprietor would have disclosed the hidden defect which caused the injury.

Appeal by plaintiff from *Thompson, S. J.,* September, 1958 Term, Harnett Superior Court.

Civil action to recover damages for personal injury. The plaintiff alleged in substance that he, as an invitee, entered a warehouse owned by Durham & Southern Railroad Company, but leased to and maintained by the defendant for purposes of storage, sale, and delivery of fertilizer. Attached to the warehouse was a loading platform approximately seven feet long, three feet wide, and 40 inches above the ground. The floor of the platform consisted of cypress boards six or more inches wide and two and one-half to three inches thick. The plaintiff purchased 1,500 pounds of fertilizer in 100-lb. bags, backed his truck up to the loading platform, and while he and one of the defendant's employees were loading his truck, the plaintiff fell from the platform and was injured.

The plaintiff alleged: "The board which was approximately twelve inches wide and two to three inches thick had decayed and rottened between the top surface and bottom of said board; that when the plaintiff stepped on said board with the weight of his heel, the board crushed in and gave way, causing the plaintiff's heel to drop approximately one and one-half inches and further causing the plaintiff to lose balance and to fall, . . ."

The plaintiff testified: "The platform is made out of cypress lumber and the board has a sap edge on it — something like about two inches on the edge of the board was sap and the rest of the board was solid heart. This sap had decayed. He could not tell that when he went upon the platform. That his heel bursted through about something like an inch. It was about one and one-half or two inches across."

The plaintiff introduced, as an adverse witness, Mr. Dalrymple, an employee of the defendant, who testified the defendant, through its agents, occupied the warehouse and paid the rent to the Durham & Southern. There was a hole approximately one and one-half inches deep where a knot came out. He made an examination of the building and platform during the Summer of 1956. "I found the boards to be sound . . . there was also a hole in the very approximate center of the platform that was very small. I would say it was not over half an inch all the way through the board. . . . The knothole . . . at the end of the planks was also in the approximate center board . . . I found no evidence of decay in the Summer of 1956 and I found no evidence of

decay on February 4, 1957," the date of the plaintiff's fall and injury.

The plaintiff, recalled for further cross-examination, testified: "I was well acquainted with the warehouse. I had stood on the platform . . . quite a few times." With references to holes described by Mr. Dalrymple, the plaintiff said: "I saw all of that when I 'interviewed' the platform." The knothole was on the east side of the platform. The other hole was in the center. "I fell off the west side. I did not see anything at that time . . . I stepped back there and my heel crushed in. I looked at the platform and I saw where I was stepping and I saw nothing wrong."

The defendant, by answer, denied negligence and alleged plaintiff carelessly stepped off the board, causing his injury.

At the close of the plaintiff's evidence, the court, on defendant's motion, entered a judgment of compulsory nonsuit from which the plaintiff appealed.

*Doffermyre, Stewart & Johnson By: D. K. Stewart for plaintiff, appellant.*

*Taylor & Morgan, Fletcher & Lake, By: I. Beverly Lake for defendant, appellee.*

HIGGINS, J.   Few, if any, questions of law are presented to this Court with more frequency than the sufficiency of evidence in a civil case to survive a motion for nonsuit. *Wall v. Trogdon,* 249 N.C. 747; *Hood v. Coach Co.,* 249 N.C. 534, 107 S.E. 2d 154; *McFalls v. Smith,* 249 N.C. 123, 105 S.E. 2d 297; *Griffin v. Blankenship,* 248 N.C. 81, 102 S.E. 2d 451.

The evidence in this case establishes the fact that plaintiff was an invitee upon the premises under the control of the defendant. Ordinarily, a proprietor of a store or business establishment is not an insurer of the safety of his invitees. He owes them the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to give warning or notice of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection and supervision. *Hood v. Coach Co., supra; Thompson v. DeVonde,* 235 N.C. 520, 70 S.E. 2d 424; *Coston v. Hotel,* 231 N.C. 546, 57 S.E. 2d 793; *Ross v. Drug Store,* 225 N.C. 226, 34 S.E. 2d 64; *Griggs v. Sears, Roebuck & Co.,* 218 N.C. 166, 10 S.E. 2d 623; *Bohannon v. Stores Co.,* 197 N.C. 755, 150 S.E. 356.

The plaintiff's evidence in the case showed two small holes in the platform prior to his injury. One was a knothole at the east end of the platform; the other was in the center. It was not over half an inch

and went all the way through the board. He was familiar with the platform and knew of these defects. They did not cause his fall. He fell off the west side where his heel broke partially through one of the cypress boards. Before his fall he saw where he was stepping and saw nothing wrong. His witness, an adverse one to be sure, but nevertheless *his* witness, testified that in the Summer he had inspected the platform from the bottom and the boards appeared sound. This witness saw no holes in the platform except the two — one in the middle and the knothole on the east end. However, for the purpose of a nonsuit, we must assume the plaintiff's evidence to be correct, and that his fall was caused by his heel crushing into a board at the west side. This board looked sound to him at the time he stepped on it on February 4. It had looked sound from the bottom when his witness inspected it the previous Summer. The unsound condition was in the center of the board and did not show on either the upper or lower surface. The evidence is insufficient to show that a reasonable inspection would have disclosed the hidden defect which caused plaintiff's fall. Consequently the evidence was insufficient to make out a case. The judgment of involuntary nonsuit is

Affirmed.