MICHAEL RAYFORD BOWMAN AND WIFE, DIANE ST. CLAIR BOWMAN v.
PHILLIP CARROLL BOWMAN AND VENUS PATTERSON BOWMAN

No. 8422SC608

(Filed 21 May 1985)

**Negligence § 29.1— negligent construction of scaffold**

    Plaintiff's evidence was sufficient for the jury on the issue of negligence
by defendant in the construction of a scaffold where it tended to show that
plaintiff was injured when the scaffold collapsed while plaintiff was helping
defendant nail shingles to the side of defendant's house under construction,
that the collapse was caused by the breaking of a support timber which had
been weakened by dry rot, and that defendant used some old boards in the
construction of the scaffold without testing them to see if they were solid.

APPEAL by plaintiffs from *Albright, Judge*. Judgment en-
tered 8 May 1984 in Superior Court, ALEXANDER County. Heard
in the Court of Appeals 4 March 1985.

*Patrick, Harper & Dixon by Stephen M. Thomas; and Rich-
ard L. Gwaltney for plaintiff appellants.*

*Patton, Starnes, Thompson & Aycock by Thomas M. Starnes
for defendant appellees.*

COZORT, Judge.

Plaintiff Michael Bowman agreed to help defendant Phillip
Bowman, his brother, nail shingles to the side of the defendants'
house under construction. A wooden scaffold constructed by Phil-
lip Bowman and his father approximately thirteen (13) to fourteen
(14) feet above the ground collapsed, and Michael Bowman was
seriously injured in the resulting fall. The collapse was caused by
the breaking of a support timber which had been weakened by
dry rot. Plaintiffs filed suit against defendant Phillip Bowman for
negligently constructing or causing to be constructed a scaffold
inadequate to support the weight of plaintiff Michael Bowman and
against defendant Phillip Bowman's wife, defendant Venus Bow-
man, as a co-owner of the property where the accident occurred.
Plaintiff Michael Bowman requested damages in the amount of
$50,000 for his resulting injuries and his wife, plaintiff Diane St.
Clair Bowman, asked for $15,000 for loss of consortium. The
father of Michael and Phillip was not a party to this action. At

the close of plaintiffs' evidence, the trial court granted defendants' motion for directed verdict upon the grounds that plaintiffs had not presented sufficient evidence of negligence to justify submission of the case to the jury. On appeal by the plaintiffs, we reverse.

The sole question presented for our review is whether the plaintiffs' evidence of negligence was sufficient for submission of the case to the jury. The specific issue in this case is whether the defendant Phillip Bowman was negligent in failing to exercise due care, to use ordinary care, in the selection of the material out of which the scaffold was constructed. The plaintiffs' evidence shows that Phillip Bowman was building his house, doing most of the work himself with the aid of his father and others, using wood he had cut himself and wood salvaged from old buildings. The scaffold in question was also constructed with a combination of new and old materials, with all of the lumber being at least a year old. The particular board which broke was a piece of lumber Phillip had salvaged from an old warehouse he had torn down. In constructing the scaffold Phillip did not test the lumber to see if it was solid by rapping it with a hammer or striking it on the ground. He checked the wood only to see if it was straight. When the scaffold was finished, the defendant conducted no tests other than simply using the scaffold. The scaffold had been built approximately two to four weeks before it collapsed. Before Michael and Phillip climbed on the scaffold, they drove up the nails which had come loose and added nails in some places. The board which broke had been weakened by dry rot, a deterioration of old wood from the inside out, not detectable by looking at the outside of the board.

In deciding this issue, we note initially that "[i]t is the exceptional negligence action . . . where a directed verdict is entered. On a motion for directed verdict, the court must view the evidence in the light most favorable to the plaintiff. Where plaintiff receives the benefit of every reasonable inference, the issues of reasonable care and breach of that care are usually for the jury." *Cowan v. Laughridge Construction Co.*, 57 N.C. App. 321, 324, 291 S.E. 2d 287, 289 (1982). However, negligence will not be presumed from every accident. "In order to establish a *prima facie* case of negligence, plaintiff must offer evidence that defendant owed him a duty of care, that defendant breached that duty, and that de-

fendant's breach was the actual and proximate cause of plaintiff's injury." *Id.* at 323, 291 S.E. 2d at 289.

In *Odum v. Oil Company,* 213 N.C. 478, 196 S.E. 823 (1938), the North Carolina Supreme Court held that the defendant had a duty to use ordinary care in the selection of materials out of which a scaffold was constructed. In that case the Court upheld the submission of the case to the jury and the jury's verdict for the plaintiff when the plaintiff's evidence showed the defendant constructed the scaffold and that a weak, knotty piece of wood broke, causing the platform to fall, injuring the plaintiff. The Supreme Court upheld the submission of the case to the jury, with the trial court charging as follows: "I charge you that it was the duty of the defendant to use ordinary care in the selection of the material out of which the scaffold was constructed, that is, to use the degree of care which a man of ordinary prudence would use under the same or similar circumstances. And if he fails to do so, that is, if you find that the defendant built the scaffold and failed to exercise that degree of care which it should have exercised under the circumstances, and if such failure on its part was the proximate cause of the injuries received by the plaintiff, then it would be your duty, gentlemen, to answer the first issue 'Yes.' " *Id.* at 482-83, 196 S.E. at 826.

Plaintiffs' evidence below showed that defendant Phillip Bowman used some old boards in the construction of the scaffold, without testing them to see if they were solid. That was sufficient evidence to go to the jury on the question of defendant's failure to exercise due care, and we hold the trial court erred by granting the defendants' motion for a directed verdict.

Defendants urge this Court to affirm the trial court, citing *Spell v. Smith-Douglas Co., Inc.,* 250 N.C. 269, 108 S.E. 2d 434 (1959). In *Spell,* the North Carolina Supreme Court upheld the trial court's dismissal of the case where the plaintiff's evidence showed the plaintiff's heel went through a decayed board on a loading platform, which was forty (40) inches off the ground, at the defendant's business, causing the plaintiff to fall. The decay was on the inside and could not be seen by visual inspection from above or below the platform. The property, including the loading platform, was owned by Durham and Southern Railroad Company and was leased to defendant for the purposes of storage, sale, and

delivery of fertilizer. The Court held the evidence insufficient to show that a reasonable inspection would have disclosed the hidden defect which caused plaintiff's fall.

The case *sub judice* is distinguishable. In *Spell*, the opinion is silent as to evidence of who constructed the platform and when it was constructed. The property was owned by another corporation and leased by the defendant. Thus, defendant's visual inspection was reasonable. In the present case, defendant built the scaffold in question. He had an opportunity, and, if the jury finds from the evidence, a duty to do more than make a visual inspection. The plaintiffs' evidence was sufficient to go to the jury on the question of whether Phillip Bowman failed to exercise due care under these circumstances by not testing the scaffold materials before using them in a scaffold thirteen feet above the ground.

Reversed.

Chief Judge HEDRICK and Judge JOHNSON concur.