TONY R. GORDON, EMPLOYEE, PLAINTIFF v. WEST CONSTRUCTION CO., EM-
PLOYER, AND CONSOLIDATED AMERICAN INS. CO., CARRIER, DEFENDANTS

No. 8410IC1236

(Filed 2 July 1985)

**Master and Servant § 50.1— workers' compensation — carpentry work — employee
rather than independent contractor**

> The Industrial Commission correctly found that plaintiff was an employee
> of defendant rather than an independent contractor at the time of his accident
> where defendant, a contractor, had subcontracted a painting job to plaintiff's
> father; defendant had asked plaintiff's father in plaintiff's presence to hang
> molding along the roof of the house on which they were working; plaintiff's
> father did not do carpentry work; plaintiff agreed to do the work; plaintiff was
> to be paid by the hour; and defendant supplied the materials and brought them
> to the job site, which was under defendant's control.

APPEAL by the defendant-employer, West Construction Com-
pany, and the defendant-insurance carrier, Consolidated American
Insurance Company. Opinion and award filed by the North
Carolina Industrial Commission on 4 September 1984. Heard in
the Court of Appeals 17 May 1985.

*Taylor, Warren, Kerr & Walker, by John Turner Walston,*
*for defendant appellants.*

*Farris and Farris, P.A., by Robert A. Farris, Jr. and Thomas*
*J. Farris, for plaintiff appellee.*

BECTON, Judge.

In this workers' compensation case, the sole question
presented for review is whether the evidence is sufficient to sus-
tain the North Carolina Industrial Commission's finding and con-
clusion that the claimant, Tony R. Gordon, at the time of his
accident, was an employee of the defendant, West Construction
Company (West), rather than an independent contractor. Guided
by the controlling principle in these types of cases that the ap-

pellate court is bound by the findings of the Industrial Commission, when supported by competent evidence, even though there may be evidence in the record to support contrary findings, we affirm.

I

The essential facts follow. West, a contractor, subcontracted a painting job to Ed Gordon, the father of the claimant, Tony Gordon. While Ed Gordon and his two sons were painting the outside of the house in question, West asked Ed Gordon to hang molding along the roofline in order to avoid having West's carpentry crew climb up there. West and Ed Gordon discussed the molding job in the presence of Tony Gordon, and because Ed Gordon did not do carpentry work, Tony Gordon agreed to hang the molding. He and his father testified that he was to be paid by the hour for that job. While Tony Gordon was hanging the molding, a swarm of bees attacked him, causing him to fall from the ladder and suffer serious injuries, the basis for this claim.

The Deputy Commissioner hearing the claim found that: (1) Tony Gordon was an employee of Ed Gordon; (2) Ed Gordon was a subcontractor of West; (3) West was the principal contractor; and thus, (4) West and Consolidated American Insurance Company were liable for Tony Gordon's workers' compensation benefits. The North Carolina Industrial Commission sustained the Deputy Commissioner's finding with the following modification: Tony Gordon was found to be a direct employee of West at the time of the accident.

II

To establish that he was covered by the provisions of the Workers' Compensation Act, Tony Gordon had the burden of proving that he was either an employee of West or an employee of his father, Ed Gordon. Believing that the evidence fully supports the Industrial Commission's finding that Tony Gordon was an employee of West, we reject West's contention that the Industrial Commission erroneously found that Tony Gordon was an employee of Ed Gordon. Although it would have been the better practice for the Industrial Commission to have deleted the finding of the Deputy Commissioner that Tony Gordon was an employee of Ed Gordon, we are convinced from our reading of the In-

dustrial Commission's opinion and award that the Deputy Commissioner's finding was modified by the specific findings of the Industrial Commission which follow:

> Both parties appeared before the Full Commission and ably argued their respective positions in this case. The Full Commission makes the following addition to Findings of Fact number 3: At the end of the paragraph, add:

> > Plaintiff, Tony R. Gordon, was actually working for West Construction Company by the hour hanging molding at the time of his injury by accident.

> The Full Commission has considered the record in its entirety and can find no reversible error.

We now focus on the nature of the relationship between Tony Gordon and West. We conclude from our reading of the record that there is evidence to support the Industrial Commission's finding that Tony Gordon was actually working for West by the hour. Ed Gordon, the claimant's father, was unquestionably an independent contractor with regard to the painting job that had been subcontracted to him. And, there is authority that the relationship of owner and independent contractor does not change, when the independent contractor agrees to do additional work *of the same nature* not covered by the original contract, if the additional work is under the independent contractor's control, including the supply of labor and materials. *See Odum v. Nat'l Oil Co.*, 213 N.C. 478, 196 S.E. 823 (1938). The facts of this case are different from *Odum*, however. The additional work that West and Ed Gordon talked about in Tony Gordon's presence was not of the "same nature" as the work covered by the original contract. West is a contractor who has regular carpentry crews. Hanging molding is carpentry. Ed Gordon is a painting subcontractor, who testified that he asked Tony Gordon "if he could do it . . . [because] I'm not very good at carpentry work, so I knew I couldn't do it." We also find it significant that Tony Gordon was to be paid by the hour for the molding work. Moreover, West supplied the materials and brought them to the Kirby house—the job site, which was under the control of West.

Finally, we find the cases cited by West to be inapposite as they involve additional work of the same nature or services to be

performed for a lump sum rather than an hourly wage. The opinion and award of the Industrial Commission is therefore

Affirmed.

Judges EAGLES and PHILLIPS concur.