The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Special Deputy Commissioner W. Joey Barnes. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and that the Commission has jurisdiction of the parties and of the subject matter.
2. At the time of plaintiff's injury by accident giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. At that time, an employment relationship existed between plaintiff and defendant-employer.
4. Defendant-employer was insured for workers' compensation by Travelers Insurance Company.
5. Plaintiff has not received any temporary total disability compensation from defendants as her claim has been denied.
6. On 24 March 1994, plaintiff fell off a ladder and broke her right elbow.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff entered into an agreement with Joseph P. Dunn, d/b/a Dunn Drywall in March of 1994 to sand drywall in a house that was being constructed.
2. Plaintiff was in business for herself and did not have any employees.
3. Plaintiff's work consisted of sanding sheetrock and drywall located in the house.
4. Joseph Dunn did not provide any instructions to plaintiff as to how to perform the work of sanding the drywall and sheetrock. Plaintiff had experience in sanding sheetrock and drywall of over one and a half years before agreeing to do the job for Mr. Dunn.
5. Plaintiff testified at the hearing that she was "working for myself" when she was sanding the sheetrock and drywall of the house.
6. Plaintiff was to be paid by the board of sheetrock that she sanded.
7. Mr. Dunn did not tell plaintiff when to report to work, when to quit at the end of the day or when to take breaks or eat lunch.
8. Plaintiff supplied some of her own equipment.
9. While working on scaffolding at the house, plaintiff fell and broke her right arm on 24 March 1994.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has the burden of proving she is an employee within the meaning of the North Carolina Workers' Compensation Act. Gordon v. West Construction Co., 75 N.C. App. 608,331 S.E.2d 259 (1985).
2. As there is insufficient evidence that defendant-employer had the right to control plaintiff's manner and method of doing the work, plaintiff was an independent contractor and, therefore, is not covered by the provisions of the North Carolina Workers' Compensation Act. Richards v. Nationwide Homes,263 N.C. 295, 139 S.E.2d 645 (1965).
* * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the former Special Deputy Commissioner and enters the following:
AWARD
1. Inasmuch as plaintiff has failed to meet her burden of proof of an employer-employee relationship, plaintiff's claim for disability benefits is hereby DENIED.
2. The parties shall bear their own costs.
This the 30th day of July 1997.
 S/ ______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
S/ ___________________ WANDA BLANCHE TAYLOR DEPUTY COMMISSIONER
DCS:jmf