KAREN MARIE MOTYKA, MINOR; FRANCES WANDA MOTYKA, MINOR; ANN ALLEN, MINOR; AND RICHARD ALLEN, MINOR; BY THEIR NEXT FRIEND, LEATA ALLEN BARNES v. J. H. NAPPIER, INDIVIDUALLY AND AS EXECUTOR OF THE WILL OF RALPH ALLEN, DECEASED

No. 7010SC563

(Filed 21 October 1970)

1. **Appeal and Error § 6— judgments appealable — denial of a motion for summary judgment**

   The Court of Appeals dismisses as fragmentary an appeal from a denial of a motion for summary judgment. Rule of Practice in the Court of Appeals No. 4.

2. **Rules of Civil Procedure § 56— summary judgment. — nature and effect**

   Unlike the demurrer, a motion for summary judgment allows the court to consider matter outside of the complaint for the purpose of ascertaining whether a genuine issue of fact does exist; but the denial of defendant's motion for summary judgment has the same effect as the overruling of a demurrer, in that the movant has suffered no great harm as the trial continues.

**3. Rules of Civil Procedure § 56— denial of motion for summary judgment — appeal**

Ordinarily, the denial of a motion for summary judgment does not affect a substantial right so that an appeal may be taken.

DEFENDANT appeals from order of *Bailey, Judge,* of the Superior Court, 19 June 1970 Session of WAKE Superior Court.

Plaintiffs, being minors, filed a complaint through their next friend against the defendant, individually, and in his capacity as Executor of the Estate of Ralph Allen, deceased. Plaintiffs allege that the defendant failed to exercise due care and reasonable diligence in the sale of certain lands belonging to the estate in that he sold them hurriedly and for less than true value and thus violated his fiduciary duties. Defendant filed a demurrer to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action. This was overruled on 31 October 1969. Defendant then filed an answer denying the material allegations of the complaint and further alleging that plaintiffs were barred from bringing this action because of an election in an earlier action to set aside the sale now complained of. The new Rules of Civil Procedure having gone into effect on 1 January, 1970, plaintiffs moved for summary judgment as to the allegations in defendant's answer concerning the election of remedies, and at the same time, defendant moved for summary judgment against the plaintiffs. Defendant's motion was made under Rule 12(c) of the new Rules of Civil Procedure and pursuant to said Rule 12(c) was treated under Rule 56. Plaintiffs' motion was granted on 19 June 1970, and defendant's motion was denied on the same date. From the overruling of his demurrer, the granting of plaintiffs' motion for summary judgment as to the allegations concerning the election of remedies, and the denial of defendant's motion for summary judgment, defendant appeals to this Court.

*Liles and Merriman by John W. Liles, Jr.; and Harris, Poe, Cheshire & Leager by Samuel R. Leager for plaintiffs appellees.*

*T. Yates Dobson, Jr., for defendant appellant.*

CAMPBELL, Judge.

[1] We are of the opinion that this represents a fragmentary appeal which is improper and therefore must be dimissed.

Rule 4 of the Rules of Practice in the Court of Appeals provides:

*"The Court of Appeals Will Not Entertain an Appeal:*

(a) From an order overruling a demurrer except when the demurrer is interposed as a matter of right for misjoinder of parties and causes of action. The movant may enter an exception to the order overruling the demurrer and present the question thus raised to this Court on the final appeal; provided that when the demurrant conceives that the order overruling his demurrer will prejudicially affect a substantial right to which he is entitled unless the ruling of the court is reviewed on appeal prior to the trial of the cause on its merits, he may petition this Court for a writ of *certiorari* within thirty days from the date of the entry of the order overruling the demurrer."

While this rule has not been amended so as to correlate with the new Rules of Civil Procedure, we think it is clear that the denial of a motion by a defendant for summary judgment has the same affect as the overruling of a demurrer, and thus falls within the purview of Rule 4(a).

[2] Summary judgment is a new procedure in North Carolina, and while it may encompass more than a demurrer, it often arises in the same manner and has the same effect as the former practice with the demurrer. A demurrer was a proper method of testing the legal sufficiency of the complaint, but it was confined only to the complaint itself. A motion for summary judgment allows the Court to consider matter outside of the complaint for the purpose of ascertaining whether a genuine issue of fact does exist. This recognizes the fact that a genuine issue of fact may not exist, even though one may appear in the complaint which is well pleaded. But a denial of a motion by a defendant for summary judgment has the same effect as the overruling of a demurrer, in that the movant has suffered no great harm as the trial continues, and the movant is allowed to preserve his exception to the denial of the motion for consideration on appeal from the final judgment. The rule also provides if a substantial right has been prejudicially affected, then a petition to this Court for a writ of *certiorari* may be used. In the instant case we do not think a substantial right has been prejudicially affected by the denial of the defendant's motion for summary judgment.

G.S. 1-277 provides:

*"Appeal from superior court judge.*— (a) An appeal may

be taken from every judicial order or determination of a judge of a superior court, upon or involving a matter of law or legal inference, whether made in or out of term, which *affects a substantial right* claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial." (Emphasis added.)

[3] Ordinarily, the denial of a motion for summary judgment does not affect a substantial right so that an appeal may be taken. The moving party is free to preserve his exception for consideration on appeal from the final judgment, and in case a substantial right is thought to be affected to the prejudice of the movant, then a petition for a writ of *certiorari* is available. To allow an appeal from a denial of a motion for summary judgment would open the flood gate of fragmentary appeals and cause a delay in administering justice.

For the reasons stated, the appeal is

Dismissed.

Judges BRITT and VAUGHN concur.