ROBERT C. ROBINSON v. SHERRILL D. McMAHAN AND COCA-COLA BOTTLING COMPANY OF ASHEVILLE, NORTH CAROLINA, AND U. S. PLYWOOD-CHAMPION PAPERS, INC.

No. 7128SC293

(Filed 26 May 1971)

1. **Rules of Civil Procedure § 56— summary judgment — failure of defendants to respond to motion**

    Although defendants did not respond by affidavits or otherwise to plaintiff's supported motion for summary judgment, the court could enter summary judgment against them only "if appropriate" under all of the circumstances.

2. **Rules of Civil Procedure § 56— summary judgment — negligence cases**

    It is only in the exceptional negligence case that summary judgment should be invoked, since even when there is no substantial dispute as to what occurred, it usually remains for the jury to apply the standard of the reasonably prudent man to the facts of the case.

3. **Automobiles § 56— rear-end collision — summary judgment for plaintiff**

    Summary judgment was improperly entered in favor of plaintiff on the issue of negligence in this action to recover for personal injuries received by plaintiff when defendants' truck collided with the rear of plaintiff's automobile while the vehicles were traveling in a dense fog.

Robinson v. McMahan

**4. Automobiles §§ 11, 56— rear-end collision — evidence of negligence**

While ordinarily the mere fact of a collision with a vehicle ahead furnishes some evidence that the following motorist was negligent, it does not as a matter of law compel that conclusion.

APPEAL by defendants, Sherrill D. McMahan and Coca-Cola Bottling Company of Asheville, from *Martin (Harry C.), Judge,* 4 January 1971 Session of Superior Court held in BUNCOMBE County.

Plaintiff instituted this action against the original defendants, Sherrill D. McMahan (McMahan) and Coca-Cola Bottling Company of Asheville (Bottling Company) to recover damages for personal injuries received by plaintiff when a truck owned by Bottling Company and driven by its employee, McMahan, collided with the rear end of plaintiff's automobile. The collision occurred when both vehicles were traveling west on Interstate Highway 40 in Haywood County, N. C., at a time when the highway was covered by fog. (After instituting his action against the original defendants, plaintiff asserted a cause of action against the defendant, U. S. Plywood-Champion Papers, Inc., alleging failure on the part of that defendant to exercise due care in conducting its industrial operations contributed to creating the fog; no question relating to the asserted cause of action against that defendant is involved on this appeal.) As against the original defendants, plaintiff alleged in an amended complaint, and such defendants in their answer either admitted or did not deny, the following:

At approximately 8:30 a.m. on 16 September 1969 plaintiff was driving his Ford automobile in a westerly direction on Interstate Highway 40 at a point about six miles east of the city limits of Waynesville, Haywood County, N. C. At that place Interstate Highway 40 is a four-lane highway, with two lanes for westbound and two lanes for eastbound traffic, the westbound lanes being separated from the eastbound lanes by a median. A truck, owned by Bottling Company, was being driven westwardly on Interstate 40 by its employee, McMahan, who was acting in the course and scope of his employment. A collision occurred, the front portions of defendants' truck colliding with the rear of plaintiff's automobile.

Plaintiff alleged McMahan was negligent in operating the Bottling Company's truck in that he failed to keep a proper look-

Robinson v. McMahan

out or to keep the truck under proper control, drove at a speed greater than reasonable under circumstances then existing with reference to the highway and traffic thereon and particularly with reference to the heavy fog, followed too closely, failed to decrease speed in order to avoid the collision, and operated the truck at a speed and in a manner to endanger the person of the plaintiff in willful disregard for the rights and safety of the plaintiff. Plaintiff alleged these negligent acts and omissions were the proximate cause of the collision and his resulting injuries. McMahan and the Bottling Company filed answer to the amended complaint in which they denied they were negligent and, if the jury should find them negligent, pleaded that plaintiff was contributorily negligent in that he failed to use due care for his own safety in driving on the inside or southernmost westbound lane when the right-hand lane was free of any traffic. (In a second further answer, McMahan and the Bottling Company also asserted a cross-claim against the codefendant, U. S. Plywood-Champion Papers, Inc., for contribution in the event plaintiff should recover against them; no question concerning this cross-action is involved on this appeal.)

Plaintiff moved for summary judgment in his favor on the negligence issues against the original defendants, McMahan and the Bottling Company, on the grounds that there existed no genuine issues of fact requiring a trial other than the issue as to the amount of damages. Plaintiff supported this motion by an affidavit of one Maltry and by the deposition which he had taken of the defendant McMahan. In the affidavit, Maltry stated that he was personally acquainted with the section of Interstate Highway 40 lying in Buncombe and Haywood Counties, that he knew the point of the collision involved in this action, and that at the time of the collision there were two large signs situated on the right-hand shoulder of the highway as traffic is proceeding in a westerly direction, one of which stated "Fog— 35 M.P.H.," which was posted 7.3 miles from the point of collision, and one of which stated "Dense Fog Likely Next 4 Miles, Adjust Speed," which was posted approximately 7 miles from the point of collision. The pertinent portions of the deposition of defendant McMahan may be summarized as follows:

On 16 September 1969 he was a salesman and driver employed by the Bottling Company with a sales area in Haywood County. On that date he was driving the truck loaded with

Robinson v. McMahan

Coca-Colas westwardly on Interstate Highway 40. He first encountered fog right after he got on the four-lane highway, five to seven miles back. It started getting foggy there, and some spots were lighter than others. After he got on the Interstate Highway and before the collision took place he did not see any signs with reference to any fog warning. As he traveled west on Interstate 40, he had been in both lanes according to how dense the fog was. Sometimes it helped to get over in the left lane and go along the median. The fog was real thick in spots, and was bad in some spots and not so bad in others. Where the collision took place was the worse spot that he had run into. After encountering the fog, he turned on his headlights and four-way flashers which made yellow flashing lights on the front and rear of the truck. At the time of the collision the truck was in the left lane and just before and at the time of the collision was doing around 25 to 30 miles an hour. He first saw the rear of the car which he struck when he was about 35 to 40 feet away from it. He believed he saw lights on the rear of the car, but he didn't really recollect if he did or not. Before the collision took place, he was traveling in the left lane. He meant to get in the right lane but couldn't because there was a little pickup truck by his right side. The pickup truck had been at his right side for about the last one-half or three-fourths of a mile. They were both traveling pretty slow and were staying pretty even as far as speed was concerned. The pickup truck was at his right side at the time of the collision and the pickup truck stopped, but he did not know the name of the driver. After the collision, the Ford which he struck went across the median into the other two lanes and came to rest at an angle in the lane next to the median, headed a little toward the east but not turned all the way around. The Bottling Company truck stopped sitting straight down the westbound lane. He could not remember how far his truck traveled after it struck the Ford. It sort of addled him when he hit, and he didn't really remember. When he first saw the car, he blew his horn and applied his brakes. He believed the brakes took effect, but did not remember for sure. There was a lot of weight on the truck, and it is hard to get one stopped with it loaded down. He did not have an opinion as to how fast the Ford was going at the time he struck it in the rear, "but it was going pretty slow, and to be in the left lane."

The defendants McMahan and Bottling Company did not file any affidavits in opposition to plaintiff's motion for sum-

mary judgment but did file an answer, verified by their attorney, in which they contended that genuine issues for trial existed both as to negligence of defendants and contributory negligence of the plaintiff.

After hearing, the court entered an order finding there was "no genuine issue of fact as to the question of the Plaintiff's injuries being caused by the negligence of the Defendants, McMahan and Coca-Cola, and that Plaintiff's Motion should be allowed except on the issue as to the amount of damages." On these findings the court granted plaintiff summary judgment against the defendants McMahan and the Bottling Company "on the issue of negligence" and ordered a jury trial on the issue of damages. From this order, defendants McMahan and the Bottling Company appealed.

*S. Thomas Walton for plaintiff appellee.*

*Van Winkle, Buck, Wall, Starnes & Hyde, by O. E. Starnes, Jr., for defendant appellants.*

PARKER, Judge.·

It is not the purpose of the summary judgment procedure to resolve disputed material issues of fact, but rather to determine if such issues exist. "The purpose of the Summary Judgment procedure provided by Rule 56 of the Rules of Civil Procedure is to ferret out those cases in which there is no genuine issue as to any material fact and in which, upon such undisputed facts, a party is entitled to judgment as a matter of law. The burden is upon the moving party to establish the lack of a triable issue of fact." *Haithcock v. Chimney Rock Company,* 10 N.C. App. 696, 179 S.E. 2d 865 (decided 31 March 1971).

[1] When a motion for summary judgment is made and supported as provided in Rule 56, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate,* shall be entered against him." (Emphasis added.) Rule 56(e). In the present case the appealing defendants did not respond to plaintiff's motion "by affidavits or as otherwise provided in this rule." Nevertheless, the summary judgment

against them was proper only "if appropriate" under all of the circumstances of this case.

[2-4] "While neither the federal rules nor the North Carolina rule excludes the use of the procedure (for summary judgment) in negligence actions, it is generally conceded that summary judgment will not usually be as feasible in negligence cases where the standard of the prudent man must be applied." *Pridgen v. Hughes*, 9 N.C. App. 635, 177 S.E. 2d 425; also see 6 Moore's Federal Practice 2d, § 56.17 (42). It is only in the exceptional negligence case that the rule should be invoked. *Rogers v. Peabody Coal Company*, 342 F. 2d 749 (6th Cir. 1965). This is so because even in a case in which there may be no substantial dispute as to what occurred, it usually remains for the jury, under appropriate instructions from the court, to apply the standard of the reasonably prudent man to the facts of the case in order to determine where the negligence, if any, lay and what was the proximate cause of the aggrieved party's injuries. In our opinion, such was the present case. Even accepting as true all facts admitted in the pleadings and disclosed by the affidavit and deposition filed by plaintiff in support of his motion, it is our opinion that reasonable men could reach different conclusions in this case on the issues of negligence and proximate cause. While "[o]rdinarily the mere fact of a collision with a vehicle ahead furnishes some evidence that the following motorist was negligent," *Clark v. Scheld*, 253 N.C. 732, 737, 117 S.E. 2d 838, 842, it does not as a matter of law compel that conclusion. This is particularly so when the collision occurs while both vehicles are moving in an obscuring fog, a circumstance which must be considered, along with all other circumstances disclosed by the evidence, in order to determine whether the drivers of the two vehicles involved were exercising the care which a reasonable and prudent driver would have exercised under the conditions confronting them. See *Racine v. Boege*, 6 N.C. App. 341, 169 S.E. 2d 913. It was for the jury to apply that standard to the facts of this case, and the summary judgment is

Reversed.

Chief Judge MALLARD and Judge VAUGHN concur.