A. L. STONESTREET, PLAINTIFF v. COMPTON MOTORS, INC., DEFENDANT v. PETHEL CHRYSLER-PLYMOUTH, INC., DEFENDANT AND THIRD PARTY PLAINTIFF v. MOORESVILLE CHRYSLER-PLYMOUTH, INC., FRANK E. COX, MR. A. B. HAMILTON, AND MRS. A. B. HAMILTON, THIRD PARTY DEFENDANTS

No. 7319DC415

(Filed 27 June 1973)

1. **Rules of Civil Procedure § 56— motion for summary judgment**
   Upon a motion for summary judgment it is not the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried.

2. **Bills and Notes § 20— action on note — summary judgment — issue of fact as to validity of note and chattel mortgage**
   In this action to recover on a promissory note purportedly executed by corporate defendant and to recover possession of property in

the possession of the corporate codefendant which is the subject of a chattel mortgage securing the note, the trial court erred in granting summary judgment for plaintiff against the codefendant where there are genuine issues of fact as to the corporate existence of defendant affecting the validity of the note and chattel mortgage.

APPEAL by defendant Pethel Chrysler-Plymouth, Inc., from *Warren, Judge,* 8 May 1972 Session of CABARRUS District Court. (Judgment entered 27 November 1972.)

In his complaint, filed 8 September 1970, plaintiff alleged: On 17 June 1965 defendant Compton Motors, Inc., (Compton), for value received, executed and delivered to plaintiff its note for $5,500.00, due on demand. A copy of the note, purportedly signed by F. E. Cox as president of Compton, and attested by Hoyle A. Parker as secretary, is attached to the complaint as an exhibit. To secure the note Compton conveyed to plaintiff by chattel mortgage certain items of personal property, the mortgage being duly recorded in Iredell County Registry. Compton is indebted to plaintiff on account of the note in the sum of $2,208.33 with interest from 17 June 1965. The personal property conveyed in the chattel mortgage is in possession of defendant Pethel Chrysler-Plymouth, Inc., (Pethel), and simultaneously with the institution of this action, plaintiff has instituted claim and delivery proceedings for the recovery of the property. Plaintiff prayed for judgment against Compton for the amount of the indebtedness aforesaid and for possession of the property to the end that it might be sold and the proceeds from the sale applied to the indebtedness.

Compton filed no answer or other pleading. Pethel filed an undertaking and retained possession of the property. On 8 January 1971 Pethel filed answer denying the material allegations of the complaint and in a further defense denied the validity of the note and chattel mortgage, alleging, among other things, that F. E. Cox was never the president of Compton and that the purported chattel mortgage created no lien on the personal property. Pethel further pleaded the three years statute of limitations. Pethel also pleaded an action against the third party defendants but it is not relevant to the questions presented on this appeal.

Subsequent to 8 January 1971 and prior to 6 April 1972 various motions were filed and proceedings had in this action but they are not relevant to the questions presented on this appeal.

On 6 April 1972 plaintiff filed motion for summary judgment "pursuant to Rules 54 and 56 of the North Carolina Rules of Civil Procedure" for the relief demanded in the complaint on the ground that there is no genuine issue as to any material fact and that plaintiff is entitled to judgment as a matter of law. On 28 April 1972 Pethel filed motion for summary judgment in its favor on the ground that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.

At the 8 May 1972 Session of Cabarrus District Court, the cause came on for hearing "upon default of the defendant Compton Motors, Inc.," and cross motions of plaintiff and defendant Pethel for summary judgment. The evidence included plaintiff's oral testimony and seven affidavits introduced by Pethel. The parties agreed that the court might enter its order or judgment "out of term." On 27 November 1972 the court entered a judgment containing twenty-one findings of fact, concluded as a matter of law that Compton is indebted to plaintiff for the sum of $2,208.00 plus interest from 17 June 1965 and that plaintiff is entitled to the possession of the personal property described in the chattel mortgage, and rendered judgment pursuant to the conclusions of law. Defendant Pethel appealed.

*Hartsell, Hartsell & Mills by William L. Mills, Jr., and Fletcher L. Hartsell, Jr., for plaintiff appellee.*

*Collier, Harris, Homesley & Jones by Walter H. Jones, Jr., for defendant appellant (Pethel Chrysler-Plymouth, Inc.).*

BRITT, Judge.

Defendant Pethel contends the court erred in its findings of facts and conclusions of law that the note and chattel mortgage are valid and that plaintiff is entitled to possession of the personal property in question, and entering judgment awarding plaintiff possession of the property. The contention has merit.

As to Pethel, we think the court went far beyond the purview of summary judgment. It appears from the judgment that the court treated the hearing as a nonjury trial of the case on the merits and considered it the court's function to find facts on conflicting evidence, make conclusions of law and enter final judgment between the parties.

[1] ·Since the new Rules of Civil Procedure were adopted by the 1967 General Assembly and became effective on 1 January 1970, the Supreme Court and this court have emphasized in numerous opinions that upon a motion for summary judgment it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. The cases include *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971) ; *Moore v. Bryson*, 11 N.C. App. 260, 181 S.E. 2d 113 (1971) ; *Lee v. Shor*, 10 N.C. App. 231, 178 S.E. 2d 101 (1970). It is not the purpose of the summary judgment procedure to resolve disputed material issues of fact. *Robinson v. McMahan*, 11 N.C. App. 275, 181 S.E. 2d 147 (1971). Summary judgment is proper only when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56; *Lee v. Shor, supra.*

[2]    At the hearing in the case at hand, Pethel showed that while it obtained the personal property in question from parties associated with Compton, there are genuine questions as to the corporate life of Compton affecting the validity of the note and chattel mortgage. Plaintiff testified that in about April of 1965, he and several others "purchased" Compton but that no stock was ever transferred; that he was on the board of directors and F. E. Cox was elected president with plaintiff elected vice-president; that when they could not get the Chrysler-Plymouth franchise, Compton ceased operations; that the note and chattel mortgage were executed for value received by duly elected and authorized officers of Compton. Plaintiff's testimony was contradicted in several affidavits including that of F. E. Cox (who plaintiff alleges executed the note and chattel mortgage on behalf of Compton) who stated: During the months of June and July of 1965, he, together with Hoyle A. Parker and plaintiff, attempted to purchase Compton but the purchase was never consummated; that it was agreed that in the event the transaction was consummated, he would be president, plaintiff would be vice-president and Buford Compton would be secretary-treasurer; that the money advanced by plaintiff to be used in purchasing Compton was withdrawn by plaintiff; that he (Cox) was never an officer of Compton and did not sign the promissory note in question.

We hold that while Compton filed no answer to plaintiff's complaint, Pethel has the right to challenge the validity of the note and chattel mortgage. Pethel showed that there is a genuine issue as to a material fact, therefore, the court erred in entering judgment in favor of plaintiff against Pethel.

We come now to Pethel's contention that the court erred in not allowing its motion for summary judgment, particularly on its plea of the three years statute of limitations. We have held that ordinarily the denial of a motion for summary judgment does not affect a substantial right so that an appeal may be taken. *Motyka v. Nappier,* 9 N.C. App. 579, 176 S.E. 2d 858 (1970). We do not feel impelled to consider the court's failure to allow Pethel's motion. We think the ends of justice will be met at this point in the litigation if the judgment appealed from is vacated as to Pethel and the cause remanded for trial on the merits. It is so ordered.

We deem it appropriate to comment on a deficiency in the record on appeal. The record reveals that on 15 December 1970 default was entered against Pethel by the Clerk of the Superior Court of Cabarrus County. Subsequent proceedings indicate that the entry was ignored by the parties, and their attorneys stated at the time of oral arguments in this court that they had agreed that "no point would be made" because of the entry. We do not look with favor on oral agreements affecting written portions of the record.

Judgment vacated.

Judges MORRIS and PARKER concur.