DICKERSON, INCORPORATED v. BOARD OF TRANSPORTATION
(FORMERLY STATE HIGHWAY COMMISSION)

No. 7510SC80

(Filed 18 June 1975)

Contracts § 30; Damages § 7— time limitation — liquidated damages — un-availability of site
    In an action to recover a sum withheld by defendant as liquidated damages for failure of plaintiff to complete construction of a bridge by the date called for in a contract between the parties, summary judgment was improperly entered for defendant where plaintiff presented evidence that the plaintiff did not complete the work by the date called for in the contract because the site was not made available to it until some two to three months after the date specified in the contract.

APPEAL by plaintiff from *McLelland, Judge.* Judgment entered 27 November 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 7 April 1975.

Plaintiff instituted this action to recover a sum of $4,700.00 which it alleges defendant wrongfully withheld as liquidated damages under a contract between the parties.

A pre-trial conference resulted in an agreement by the parties as to various facts, among which the following appear. The court has jurisdiction over the parties and subject matter under G.S. 136-29. Pursuant to G.S. 136-28, plaintiff was awarded a contract for the construction of a bridge across the Little River in Transylvania and Henderson Counties. The contract was executed by plaintiff and the State Highway Commission (now Board of Transportation) on 11 December 1970. It provided that the bridge site on the project in question would be made available to the contractor on or before 4 May 1971

and that 4 May 1971 would be considered the date of availability for the structure contract. It also provided that the contractor would be required to complete all work included in the contract, except for field painting of structural steel, by 1 December 1971 and that liquidated damages of $100.00 would be charged the contractor for each calender day after 1 December 1971 for any work included in the contract that was not completed. The date of completion was extended from 1 December 1971 to 3 December 1971. Plaintiff began construction on 12 July 1971, seventy-one days after 4 May 1971 which was the date of availability under the contract. Except for field painting of the structural steel, construction of the bridge was completed on 19 January 1972, forty-seven days after the modified completion date of 3 December 1971. Defendant assessed $4,700.00 as liquidated damages.

Plaintiff moved for summary judgment. However, the trial court, being of the opinion that there was no genuine issue of material fact and that defendant was entitled to summary judgment as a matter of law, entered summary judgment against plaintiff and in favor of defendant.

Plaintiff appealed.

*Koy E. Dawkins, for plaintiff appellant.*

*Attorney General Edmisten, by Associate Attorney C. Diederich Heidgerd and Associate Attorney Robert W. Kaylor, for the State.*

MARTIN, Judge.

Much argument has been directed toward the trial court's denial of plaintiff's motion for summary judgment. This Court has held that ordinarily the denial of a motion for summary judgment does not affect a substantial right so that an appeal may be taken. *Stonestreet v. Motors, Inc.,* 18 N.C. App. 527, 197 S.E. 2d 579 (1973); *Motyka v. Nappier,* 9 N.C. App. 579, 176 S.E. 2d 858 (1970). We will not consider the trial court's failure to grant summary judgment in plaintiff's favor.

The sole question for determination is whether the trial court erred in granting summary judgment for defendant. Summary judgment, when appropriate, may be rendered against the moving party. G.S. 1A-1, Rule 56(c). Rule 56 provides for the disposition of cases where there is no genuine issue of

Dickerson, Inc. v. Board of Transportation

fact, and its purpose is to eliminate formal trials where only questions of law are involved. *Harrison Associates v. State Ports Authority,* 280 N.C. 251, 185 S.E. 2d 793 (1972). In passing upon a motion for summary judgment, all affidavits, depositions, answers to interrogatories and other material filed in support or opposition to the motion must be viewed in the light most favorable to the party opposing the motion, and such party is entitled to the benefit of all inferences in his favor which may be reasonably drawn from such material. *Whitley v. Cubberly,* 24 N.C. App. 204, 210 S.E. 2d 289 (1974). When so considered, did the evidentiary material show that there was no genuine issue of material fact and that defendant was entitled to judgment as a matter of law? We think not.

"Obviously, as an elementary general proposition, a contractor is not liable under a clause for liquidated damages based on a time limit if his failure to complete the contract within the specified time was wholly due to the act or omission of the other party in delaying the work, whether by omitting to provide the faculties or conditions contemplated in the contract to be provided by him, or by those for whom he is responsible, or by interfering with the work after the contractor has begun, or otherwise." *Reynolds Co. v. Highway Commission,* 271 N.C. 40, 155 S.E. 2d 473 (1967).

In a "construction inspection report" made by A. L. Barnett, an area construction engineer employed by defendant, it is admitted that plaintiff was behind in its work because the site was not available to it until July. In addition, Mr. Barnett states in the report that he finally got to the bridge site on 16 September 1971 after "at least one-half dozen previous attempts" and that he was unable to reach the site because the access road was impassable due to either rock removal or rain. In response to plaintiff's request for admission of facts, defendant admits the genuineness of said report and also admits that it was kept in the regular and due course of its business.

While plaintiff failed in its motion for summary judgment, it did not follow necessarily that defendant was entitled to summary judgment.

Reversed.

Judges BRITT and HEDRICK concur.