TED REID v. FLETA KERLEY REID

No. 7625DC765

(Filed 6 April 1977)

1. **Rules of Civil Procedure § 56— summary judgment — disputed issues not resolved**

    In passing upon a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, it is not the purpose of the court to resolve disputed material issues of fact, but is instead to determine whether there exists an issue which is germane to the action.

2. **Divorce and Alimony § 11— divorce from bed and board — disputed issue — summary judgment improper**

    The trial court in an action for divorce from bed and board erred in making findings of fact and granting plaintiff's motion for summary judgment where there existed a genuine issue as to the material fact of the parties' incomes and expenses.

APPEAL by defendant from *Vernon, Judge.* Judgment entered 25 November 1975 and order entered 25 November 1975 in District Court, CALDWELL County. Heard in the Court of Appeals 17 February 1977.

Plaintiff husband brought this action against defendant wife for a divorce from bed and board on the grounds of indignities and constructive abandonment. Defendant counterclaimed for alimony, alleging abandonment and indignities.

The parties agreed to a consent order which provided, among other things, that until this case was finally determined, defendant would be entitled to possession of the family home; that plaintiff would make the mortgage payments of $83.15 per month on the family home; and that plaintiff would pay $25 per month on the electric bill for the family home.

Plaintiff moved for summary judgment as to defendant's counterclaim. In support of his motion he submitted answers

Reid v. Reid

to interrogatories in which he stated that he had a net income of $95.18 per week from his employment; that he also received payments of $32 per month from the Veterans' Administration; and that he had expenses of $426 to $473 per month, including $114 per month in mortgage and electricity payments for defendant's residence. He also submitted defendant's answers to interrogatories, in which she stated that she had a net income of $90.27 per week and expenses of $544.86 per month.

On 25 November 1975 the court granted plaintiff's motion for summary judgment. In its judgment it found that "plaintiff has a net weekly income of about $118.00"; that "the necessary and reasonable living expenses of the plaintiff is not less than his weekly income by any significant amount"; and that "the necessary and reasonable living expense of the defendant does not exceed her income." It concluded that defendant was not a dependent spouse within the meaning of G.S. 50-16.1.

Defendant moved to set aside the order granting summary judgment on the ground that plaintiff's answers to interrogatories were substantially incorrect. At the hearing on the motion, both parties were examined and cross-examined extensively as to their income and expenses. Defendant offered evidence tending to show that even though plaintiff had stated in his interrogatories that his net income was $95.18 per week, in reality, it was $118 per week based on a 40-hour week. The plaintiff also testified that in recent weeks he had received some income from overtime work.

On 25 November 1975 the court entered an order in which it found that although plaintiff's answers to interrogatories were incorrect as to the amount of his net income, "all other information upon which this Court based its summary judgment is substantially accurate and that the error does not significantly alter the fact sufficiently to merit a consideration of the summary judgment." The trial court therefore denied defendant's motion to set aside the summary judgment which had dismissed defendant's counterclaim for alimony. From judgment and order defendant appealed to this Court. This Court dismissed the appeal in an opinion filed 16 June 1976, reported in 29 N.C. App. 754, 225 S.E. 2d 649 (1976).

On 7 September 1976 plaintiff voluntarily dismissed his claim for divorce from bed and board. Defendant then appealed.

*West, Groome & Baumberger, by Carroll D. Tuttle, for the plaintiff.*

*Randy D. Duncan, for the defendant.*

MARTIN, Judge.

The defendant has grouped her eleven assignments of error into three arguments in her brief. She first contends that the trial court erred in granting the plaintiff's motion for summary judgment and dismissal of her counterclaim for the reason that there was a genuine issue of material fact. We agree.

[1]  We note, first of all, that the trial court went far beyond the purview of summary judgment. It appears that the court considered it to be its function to make findings of fact on conflicting evidence, to make conclusions of law, and to enter final judgment between the parties. We repeat again what we have said on numerous occasions, that, in passing upon a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, it is not the purpose of the court to resolve disputed material issues of fact. *Stonestreet v. Motors, Inc.*, 18 N.C. App. 527, 197 S.E. 2d 579 (1973) ; *Robinson v. McMahan*, 11 N.C. App. 275, 181 S.E. 2d 147 (1971). The court does not decide facts but makes a determination as to whether there exists an issue which is germane to the action. *Leasing Inc. v. Dan-Cleve Corp.*, 31 N.C. App. 634, 230 S.E. 2d 559 (1976) ; *Furst v. Loftin*, 29 N.C. App. 248, 224 S.E. 2d 641 (1976). Stated differently, it is no part of the court's function to decide issues of fact upon a motion for summary judgment; rather its sole function is to determine whether there is an issue of fact to be tried. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971) ; *Stonestreet v. Motors, Inc., supra*. If findings of fact are necessary to resolve an issue as to a material fact, then summary judgment is improper. *Leasing Inc. v. Dan-Cleve Corp., supra; Insurance Agency v. Leasing Corp.*, 26 N.C. App. 138, 215 S.E. 2d 162 (1975).

[2]  In the instant case, both parties offered disputed evidence concerning, for example, incomes and expenses. The trial court, nevertheless, made "findings of fact" as to these incomes and expenses in its final judgment. In making these findings, we feel that the court passed on the credibility of the evidence and resolved disputed issues of fact rather than merely determining whether there was a genuine issue of material fact. The court,

in passing on the motion for summary judgment, therefore acted in contravention of the principles outlined above.

Even if we assume, *arguendo,* that the trial court did not act improperly in stating "findings of fact," we are, nevertheless, bound to conclude, for an additional reason, that the motion for summary judgment should not have been granted. We have stated on numerous occasions that:

> "Summary judgment is proper only when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is *no genuine issue as to any material fact* and that the moving party is entitled to judgment as a matter of law." (Citations omitted.) *Stonestreet v. Motors, Inc., supra* at 530, 197 S.E. 2d at 581 (emphasis added).

In the case at bar, there existed at least one issue of fact. For example, the defendant wife offered verified pleadings, interrogatories, and an affidavit tending to show that her expenses were greater than her income and that she did not have adequate means to subsist. In response to these contentions, the plaintiff answered that he was "without sufficient knowledge or information to form a belief as to their truth." Under the North Carolina Rules of Civil Procedure, this type of answer "has the effect of a denial." G.S. 1A-1, Rule 8(b). Thus, there existed a *genuine* issue as to a *material* fact and, therefore, summary judgment was improper.

Reversed and remanded.

Judges MORRIS and VAUGHN concur.