PARKER OIL COMPANY, INC., PLAINTIFF v. HENRY SMITH, THIRD PARTY PLAINTIFF v. PARKER GRAIN COMPANY, INC., THIRD PARTY DEFENDANT

No. 763DC1024

(Filed 19 October 1977)

**Appeal and Error § 6.5; Rules of Civil Procedure § 56— denial of summary judgment— no appeal**

Denial of a motion for summary judgment ordinarily does not affect a substantial right so that an appeal may be taken from such an interlocutory order. Dictum in *Motyka v. Nappier*, 9 N.C. App. 579, that the moving party is free to preserve his exception to the denial of a motion for summary judgment for consideration on appeal from a final judgment should be disregarded.

APPEAL by third party defendant from *Whedbee, Judge.* Judgment entered 16 July 1976, in District Court, PITT County. Heard in the Court of Appeals 20 September 1977.

Parker Oil Company instituted this action to recover from Smith, defendant and third party plaintiff appellee, the sum of one thousand seven hundred thirty-five dollars for petroleum products sold and delivered. Smith crossclaimed against third party defendant appellant for the sum of one thousand seven hundred thirty-five dollars for corn sold and delivered. The parties having stipulated that the defendant and third party plaintiff was indebted to the plaintiff, the sole issue presented to the jury was the number of bushels of corn that the third party defendant had received from third party plaintiff. The jury answered in favor of defendant and third party plaintiff: 780 bushels. Judgment was entered in favor of defendant.

Third party defendant appeals.

*Williamson, Shoffner & Herrin, by Mickey A. Herrin, for defendant and third party plaintiff appellee.*

*J. Michael Weeks for third party defendant appellant.*

ARNOLD, Judge.

Appellant contends that the trial court erred in denying its motion for summary judgment against defendant Smith. However, that question is not before us. A motion for summary judgment is simply a pretrial motion. Denial of a motion for summary judg-

ment does not determine the merits of the case. It merely means that the case proceeds to trial. Annot. 15 A.L.R. 3d 899 (1967).

Denial of a motion for summary judgment ordinarily does not affect a substantial right so that appeal may be taken from the interlocutory order. *See, e.g. Stonestreet v. Motors, Inc.*, 18 N.C. App. 527, 197 S.E. 2d 579 (1973). In *Motyka v. Nappier*, 9 N.C. App. 579, 176 S.E. 2d 858 (1970), this Court properly dismissed an attempted appeal from the denial of a motion for summary judgment. However, dictum at p. 582 of *Motyka* (176 S.E. 2d at 859), that the moving party is free to preserve his exception to the denial of a motion for summary judgment for consideration on appeal from final judgment, should be disregarded.

In this case, no error is assigned to any part of the trial which resulted in a jury verdict and judgment against the appellant. Judgment is therefore

Affirmed.

Judges PARKER and MARTIN concur.