HERBERT McKINLEY HILL AND WIFE, EDNA BYRD HILL, PLAINTIFFS AND THIRD-PARTY PLAINTIFFS V. ESTHER SMITH, DEFENDANT V. WILLIAM H. ANDERSON AND WIFE, MARGARITA H. ANDERSON, THIRD-PARTY DEFEND-ANTS

No. 7718DC1026

(Filed 7 November 1978)

**Appeal and Error § 6.8— summary judgment denied —appeal fragmentary**
Defendant's appeal from an order denying her motion for summary judgment is fragmentary and is dismissed.

APPEAL by defendant from *Pfaff, Judge*. Order entered 29 September 1977 in District Court, GUILFORD County. Heard in the Court of Appeals 21 September 1978.

Plaintiffs instituted an action for summary ejectment claiming that defendant was in unlawful possession of their real property. Defendant answered, contending that she was the owner. The third-party defendants are the predecessors in title to the plaintiffs. Both plaintiffs and defendant moved for summary judgment, and a hearing was held on 26 September 1977. The trial judge concluded that genuine issues of material fact existed and

---

Hill v. Smith

---

denied both motions. Defendant appealed from the denial of her motion for summary judgment.

*Badgett, Calaway, Phillips, Davis & Montaquila, by Chester C. Davis, for plaintiff appellees.*

*O'Connor & Speckhard, by Donald K. Speckhard, for defendant appellant.*

*Jordan, Wright, Nichols, Caffrey & Hill, by Luke Wright, for third-party defendants.*

VAUGHN, Judge.

The right to appeal from a decision of a superior court judge is governed by G.S. 1-277 which, in pertinent part, provides:

"An appeal may be taken from every judicial order or determination of a judge of a superior court, upon or involving a matter of law or legal inference, whether made in or out of term, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial."

Defendant claims that the facts in this case were undisputed and that the refusal of the trial court to determine the questions of law by the denial of summary judgment in effect denied her a substantial right. Plaintiffs, on the other hand, contend that there are genuine issues of material fact.

Generally, orders denying motions for summary judgment are not appealable. In *Motyka v. Nappier*, 9 N.C. App. 579, 176 S.E. 2d 858 (1970), this Court stated that the denial of a motion for summary judgment did not affect a substantial right. In *Stonestreet v. Compton Motors, Inc.*, 18 N.C. App. 527, 197 S.E. 2d 579 (1973), this Court refused to review a denial of defendant's motion for summary judgment stating that the ends of justice would be met by a full trial. *See also Parker Oil Co., Inc. v. Smith*, 34 N.C. App. 324, 237 S.E. 2d 882 (1977). The federal courts have also refused to review a denial of summary judgment. *Valdosta Livestock Co. v. Williams*, 316 F. 2d 188 (4th Cir. 1963). The purported appeal is fragmentary and will be dismissed.

Dismissed.

Judges ARNOLD and WEBB concur.