RUTH LEIGH DURHAM v. LOUIS L. VINE D/B/A VINE'S VETERINARY HOSPITAL

No. 7815SC337

(Filed 3 April 1979)

**Negligence § 48— fall in entranceway—allegation of negligence not refuted—summary judgment improper**

> In an action to recover for personal injuries sustained by plaintiff when she fell in the entranceway of defendant's veterinary hospital, the trial court erred in granting defendant's motion for summary judgment where plaintiff had alleged that her fall was caused by the slippery floor surface which defendant negligently allowed to exist; defendant offered no evidence to refute the allegation; and plaintiff was therefore under no duty to come forward with proof of the allegation at the summary judgment stage.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 6 March 1978 in Superior Court, ORANGE County. Heard in the Court of Appeals 18 January 1979.

Plaintiff appeals from the entry of summary judgment in favor of defendant. She instituted this action to recover damages for personal injuries sustained when she fell in the entranceway of defendant's veterinary hospital waiting room. Plaintiff alleged that on 1 December 1973, she, as a business invitee, entered defendant's building with her dog. Ceramic tile covered the floor at the entrance level. The area was lighted with a low, indirect artificial light. She turned immediately to her right in order to enter the waiting room. The waiting area was lower than the entranceway and required her to step down several inches onto the asphalt tile floor of the waiting room. As she made this step, she slipped and fell, injuring her left foot. Plaintiff alleged that her injury was caused by the defendant's negligence in failing to provide a safe entranceway, failing to instruct his employees to warn persons about the step, failing to provide warning signs, failing to warn of the slippery nature of the floor, failing to provide sufficient lighting, and failing to use surface materials that were not slippery.

Defendant answered, denying negligence and alleging contributory negligence. Upon request, plaintiff admitted making a statement to defendant's insurance company that she was stepping down into the waiting room when her left foot slipped and

---

**Durham v. Vine**

---

she fell forward. In that statement, she admitted that she was aware of the presence of the step because she had been to Vine's previously and that the area was sufficiently lighted.

Defendant filed a motion for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. In support of this motion, he submitted his own affidavit and three photographs of the area in question. His affidavit indicated that the photographs accurately depicted the conditions in the area as they existed when plaintiff fell. The photographs indicated the presence of handrails and warning signs on each side of the step-down.

In response to defendant's motion, plaintiff filed the affidavit of Rena Vaeth, an employee of the defendant, who was present at the time of the accident. The affidavit, in part, is as follows.

"[S]he had been employed as a receptionist at Vine's Veterinary Hospital in Chapel Hill for nine and one-half (9½) years ending on January 9, 1976; that she witnessed the fall of Mrs. Ruth Durham on December 1, 1973, at Vine's Veterinary Hospital in Chapel Hill as Mrs. Durham was entering the waiting room at Vine's Veterinary Hospital; that Mrs. Durham fell into the lobby when she entered and the affiant assisted her in getting up as she appeared to be in pain from the fall; that the step on which Mrs. Durham fell was approximately seven inches in height; that the top of said step was a brick tile and the bottom floor was vinyl like material; that the lighting in said entranceway was provided by a very dim ceiling light, which, for people coming in from the sunshine, resulted in a blinding glare upon entering said entrance way; that, to her knowledge there was only one handrail at said entrance way which was placed where most persons entering the waiting room could not use it in stepping into the waiting room; that she could not remember any warning signs in said entrance way that would warn persons entering of the presence of the step down; that many persons fell or lost their balance at this entrance way when stepping into the waiting room and that the age and physical condition of these persons who fell were variable; that prior to December 1, 1973, she told Dr. Vine many times that many persons had fallen at this step down into said waiting room and that said step down was dangerous and should be altered."

Upon consideration of the pleadings, affidavits, admissions and answers to interrogatories, the trial judge found that there were no material issues of fact presented and that the defendant was entitled to summary judgment as a matter of law. From this judgment, plaintiff appealed.

*Levine and Stewart, by Samuel M. Streit, for plaintiff appellant.*

*Spears, Barnes, Baker and Hoof, by Alexander H. Barnes, for defendant appellee.*

VAUGHN, Judge.

The question presented is whether the trial judge erred in granting defendant's motion for summary judgment. In general, summary judgment is appropriate when the pleadings, answers to interrogatories, affidavits and admissions show that no material issue of fact exists and the movant is entitled to summary judgment as a matter of law. *Yount v. Lowe*, 288 N.C. 90, 215 S.E. 2d 563 (1975); *Stonestreet v. Motors, Inc.*, 18 N.C. App. 527, 197 S.E. 2d 579 (1973).

In order for the defendant to prevail on his motion, he must establish the absence of any material issue of fact. He may meet this burden by showing the nonexistence of an essential element of the plaintiff's cause of action or by showing, through discovery, that plaintiff cannot provide evidence to support an essential element. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974). On a motion for summary judgment, all pleadings, affidavits, answers to interrogatories, and other materials offered must be viewed in the light most favorable to the party against whom summary judgment is sought. *Dickerson, Inc. v. Board of Transportation*, 26 N.C. App. 319, 215 S.E. 2d 870 (1975).

Summary judgment is rarely appropriate in a negligence action.

> " '[I]t is generally conceded that summary judgment will not usually be as feasible in negligence cases where the standard of the prudent man must be applied.' . . . It is only in the exceptional negligence case that the rule should be invoked . . . . This is so because even in a case in which there may be no substantial dispute as to what occurred, it usually re-

mains for the jury, under appropriate instructions from the court, to apply the standard of the reasonably prudent man to the facts of the case in order to determine where the negligence, if any, lay . . . ." (Citations omitted.) *Robinson v. McMahan*, 11 N.C. App. 275, 280, 181 S.E. 2d 147, *cert. den.*, 279 N.C. 395, 183 S.E. 2d 243 (1971).

In negligence actions, therefore, the court should be particularly careful to remember that the purpose of summary judgment is not to provide a quick and easy method for clearing the docket. Indeed, a review of the reported negligence cases, wherein the trial courts have granted an early termination of the litigation by the entry of summary judgment, indicates that the opposite result is usually produced. After enduring the expensive and time-consuming effort involved in obtaining appellate review, the litigants usually find their cases returned for trial before the fact-finding body, where, but for the inappropriate entry of summary judgment, they might well have received a final disposition of the matter months earlier.

We were recently required to reverse a summary judgment in another premises liability case somewhat similar to the one at hand in *Gladstein v. South Square Associates*, 39 N.C. App. 171, 249 S.E. 2d 827 (1978). Plaintiff slipped at defendants' mall and injured herself. She alleged that a terrazzo floor covering was slick when wet and, therefore, was unsafe. Plaintiff also alleged that the mat provided was insufficient to dry patrons' shoes and that other persons had fallen under similar circumstances. Defendants moved for summary judgment and supported this motion with the affidavit of their general manager. The manager only stated that the terrazzo flooring was used in other malls; he did not deny that the flooring was slick when wet. The defendants also failed to contradict the allegations that the mats were insufficient to dry shoes. This Court said that although the material facts in the record were not in dispute, there was evidence upon which reasonable men could differ as to whether the defendants exercised reasonable care. Summary judgment was, therefore, held to be inappropriate.

In the case at bar, defendant appears to take the position that the judgment must be affirmed unless plaintiff has offered *evidence* that she was injured as a result of his negligence. The

plaintiff has no such burden when the case is being considered on defendant's motion for summary judgment. At this stage of the proceeding, defendant has the burden of showing that plaintiff was *not* injured as a result of his negligence. Plaintiff has alleged, among other things, that her fall was caused by the slippery surface defendant negligently allowed to exist. Defendant has offered no evidence to refute this allegation. That allegation, standing uncontradicted by evidence, is sufficient to require the denial of defendant's motion for summary judgment. Since defendant offered no evidence to refute the allegation, plaintiff was under no duty to come forward with proof of the allegation at the summary judgment stage. On a motion for summary judgment, the nonmovant is not required to come forward and make a *prima facie* case for the jury as he would on a motion for directed verdict at trial. He is only required to show that he has evidence to contest such evidentiary matters as the movant may have produced in support of the motion that would, standing alone, defeat the action. In *Tolbert v. Tea Co.*, 22 N.C. App. 491, 206 S.E. 2d 816 (1974), the defendant, in support of its motion for summary judgment, filed plaintiff's deposition. Plaintiff's deposition revealed that, while pushing a grocery cart in defendant's store, he slipped and fell. After he fell he saw that he had slipped on strawberries that were on the floor. Defendant's motion for summary judgment was allowed. On appeal defendant argued that the summary judgment was proper because plaintiff had failed to show how the strawberries got on the floor or how long they had been there. This Court reversed the summary judgment saying:

"Defendant, moving for summary judgment, assumes the burden of producing evidence, of the necessary certitude, which negatives plaintiff's claim.

Plaintiff, opposing defendant's motion for summary judgment, does not have the burden of coming forward with the evidence until defendant, as movant, has produced his evidentiary material tending to show that he is entitled to judgment as a matter of law.

It was defendant's duty to produce evidence that the unsafe condition was not caused by its failure to exercise reasonable care. It was defendant who left the record silent, if it is, concerning its exercise of reasonable care to prevent

Durham v. Vine

or to discover and remove the peril to plaintiff and others invited to shop on its premises.

Where, as here, the movant for summary judgment does not offer evidence to establish the absence of a genuine issue as to any material fact, summary judgment should be denied even though no opposing evidence is presented." *Tolbert v. Tea Co., supra,* at 494.

At trial, in order to survive a motion for directed verdict, plaintiff will have the burden of offering proof of every material fact. On this motion for summary judgment, however, defendant had the burden of showing the absence of a genuine issue as to any material fact. When the movant fails to carry this burden, summary judgment should be denied even though no opposing evidence is presented.

On a motion for summary judgment, it is only when the movant's evidence, considered alone, is sufficient to establish his right to judgment as a matter of law that the nonmovant must come forward with a forecast of his own evidence. *Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 251 S.E. 2d 419 (1979). Moreover, if different material conclusions can be drawn from the evidence, summary judgment should be denied even though the evidence is uncontradicted.

Defendant's motion for summary judgment should have been denied. The judgment, therefore, is reversed, and the case is remanded.

Reversed and remanded.

Judges HEDRICK and CLARK concur.