JACQUELINE RANDALL DORN v. ROGER WAYNE DORN

No. 8026DC1115

(Filed 2 June 1981)

**Appeal and Error § 6.2— premature appeal**

That portion of the trial court's order denying defendant's Rule 12(b)(6) motion to dismiss plaintiff's complaint and Rule 56(b) motion for summary judgment was clearly unappealable; moreover, the trial court's denial of defendant's motion for summary judgment and declaration that a separation agreement between the parties was invalid was gratuitous, and defendant's appeal therefrom was premature.

APPEAL by defendant from *Black, Judge.* Order entered 28 August 1980 in District Court, MECKLENBURG County. Heard in the Court of Appeals 7 May 1981.

This is a civil action wherein plaintiff, wife, seeks to recover from defendant, husband, permanent alimony, alimony *pendente lite,* and counsel fees. The record contains the following: (1) plaintiff's complaint filed 1 May 1980; (2) a notice dated 1 May 1980 stating that plaintiff would seek an "award of alimony, *pendente lite* and permanent, counsel fees and related relief" at a hearing in the district court on 27 May 1980; (3) a "motion to dismiss and

supporting affidavit" offered by defendant and dated 29 May 1980; (4) an order by Judge Brown dated 6 June 1980 denying defendant's "motion to dismiss" and declaring that a "separation agreement" submitted by defendant in support of his motion was "not a valid, legal, or binding Separation Agreement;" (5) an "answer to complaint and defenses" dated 10 June 1980; (6) a motion by plaintiff dated 19 June 1980 seeking an order striking the "Second, Third and Fourth Defenses of the Defendant's Answer and Paragraph 29 thereof" and, in the alternative, for judgment on the pleadings or summary judgment on the issue of "the validity of the Separation Agreement;" (7) an order by Judge Brown dated 30 June 1980 continuing the case and rescheduling the hearing on plaintiff's claim for alimony *pendente lite* to 16 July 1980; (8) an "amendment to answer adding counterclaim" dated 3 July 1980; (9) a motion and reply by plaintiff dated 11 July 1980 seeking to strike the counterclaims alleged in defendant's "amendment to answer" and, in the alternative, to dismiss the counterclaims for failure to state a claim, and, in the alternative, that defendant "have and recover nothing of the Plaintiff pursuant to his Counterclaims;" (10) a motion filed by defendant on 16 July 1980 seeking relief from Judge Brown's 6 June 1980 order pursuant to "Rule 60(d) [sic] of the Rules of Civil Procedure," and also seeking dismissal of plaintiff's complaint pursuant to G.S. § 1A-1, Rule 12(b)(6) and summary judgment in favor of defendant pursuant to G.S. § 1A-1, Rule 56(b); (11) an order by Judge Black filed 28 August 1980 denying defendant's 16 July 1980 motion and allowing plaintiff's 19 June 1980 and 11 July 1980 motions; and (12) notice of defendant's appeal from Judge Black's 28 August 1980 order.

*James, McElroy and Diehl, by Allen J. Peterson, for the plaintiff appellee.*

*Kermit D. McGinnis, for the defendant appellant.*

HEDRICK, Judge.

That portion of Judge Black's order dated 28 August 1980 denying defendant's Rule 12(b)(6) and Rule 56(b) motions is clearly unappealable. *State v. Fayetteville Street Christian School,* 299 N.C. 351, 261 S.E. 2d 908, *appeal dismissed,* --- U.S. ---, 66 L.Ed. 2d 11, 101 S.Ct. 55 (1980); *O'Neill v. Southern National Bank,* 40

N.C. App. 227, 252 S.E. 2d 231 (1979); *Hill v. Smith*, 38 N.C. App. 625, 248 S.E. 2d 455 (1978); *Parker Oil Co., Inc. v. Smith*, 34 N.C. App. 324, 237 S.E. 2d 882 (1977). While an appeal from the denial of a Rule 60(b) motion and the allowance of a motion to strike certain defenses and counterclaims might be appealable under some circumstances, that portion of Judge Black's 28 August 1980 order denying defendant's Rule 60(b) motion and allowing plaintiff's motions to strike is clearly not appealable under the circumstances of the present case.

Defendant's "motion to dismiss," which was filed after the matter had been scheduled for hearing on plaintiff's application for alimony *pendente lite*, alleged that plaintiff and defendant had entered into a "separation agreement" and that such agreement was a bar to plaintiff's claim for alimony. Although not denominated as such, the motion was clearly one for summary judgment pursuant to Rule 56. When the matter came on for hearing on plaintiff's application for alimony *pendente lite*, Judge Brown inexplicably considered and ruled on defendant's "motion to dismiss." He not only denied defendant's motion, but he gratuitously declared the "separation agreement" not to be "valid, legal, or binding." This untimely and gratuitous ruling on defendant's "motion to dismiss" precipitated the fatuous proceedings which followed, this premature appeal, and the resulting unreasonable delay in the disposition of a relatively simple matter. Therefore, since Judge Black's 28 August 1980 order was predicated on Judge Brown's denial of defendant's motion for summary judgment and his gratuitous declaration that the separation agreement was invalid, the appeal is premature and will be dismissed.

Dismissed.

Judges MARTIN (Harry C.) and WELLS concur.