ATLANTIC COAST LINE RAILROAD COMPANY v. McLEAN TRUCKING COMPANY.

(Filed 21 October, 1953.)

**1. Railroads § 4—Conflicting evidence held for jury in this action to recover for collision at grade crossing.**

In this action by a railroad company to recover damages resulting from a collision at a grade crossing, plaintiff's evidence to the effect that the driver of defendant's truck drove upon the crossing in front of plaintiff's oncoming train notwithstanding flashing automatic signals and warnings from the whistle, bell and lights of the locomotive, *is held* sufficient to be submitted to the jury on the issue of defendant's negligence, and defendant's evidence in conflict therewith to the effect that one of the automatic signal lights was not working, that the view was partially obstructed, that no warning signals were given by the train in time to be of service, and that the train was being operated at excessive speed through a town, does not warrant nonsuit on the ground of contributory negligence.

**2. Negligence § 19c—**

It is only when the evidence of contributory negligence is so clear that no other conclusion may reasonably be drawn therefrom that nonsuit on the ground of contributory negligence may be entered.

**3. Railroads § 4: Negligence § 18—**

Evidence to the effect that after a collision at a grade crossing the defendant railroad company installed gates at the crossing, *held* properly excluded under the general rule that evidence of subsequent repairs or changes is not competent as tending to show negligence or a *quasi* admission of previous insufficiency.

**4. Negligence § 20: Appeal and Error § 39f—Inadvertence in charge held not prejudicial under facts of this case.**

The court correctly stated defendant's contentions that the first issue, relating to defendant's negligence, should be answered "no," and the second issue, as to plaintiff's contributory negligence should be answered "yes," and on defendant's cross-action, that the fourth issue, relating to defendant's contributory negligence, should be answered "no" and relied upon the identical evidence relied upon to support its contention that the first issue should be answered in the negative and the second issue should be answered "no." *Held:* The inadvertence in charging that defendant

contended the second issue should be answered "no" was contained in a portion of the charge referring primarily to the fourth issue and only incidentally to the second issue, and the court having previously given a correct charge on that issue, the inadvertence could not have misled the jury and does not constitute reversible error.

**5. Appeal and Error § 39f: Negligence §§ 14½, 20—**

An instruction to the effect that if the conduct of defendant's driver brought about or created the peril, the doctrine of sudden emergency as theretofore explained would not be available to defendant, *held* not prejudicial error when immediately thereafter the court correctly charged to the effect that the conduct of defendant in placing himself in danger must have been negligent conduct in order to preclude the application of the doctrine, nor was the court under duty to repeat its previous instruction that if the sudden emergency was not created by defendant's negligent conduct the principle would be available to defendant.

**6. Appeal and Error § 6c (5)—**

An assignment of error that the charge of the court failed to comply with G.S. 1-180 cannot be sustained.

APPEAL by defendant from *Frizzelle, J.,* June Term, 1953, of HARNETT. No error.

This was an action to recover damages for injury to plaintiff's engine and cars as result of collision with defendant's truck which was alleged to have been negligently driven by defendant's employee.

The defendant denied the allegations of negligence, and alleged contributory negligence on the part of the plaintiff, and further set up a counterclaim for damages for injury to its truck alleged to have been caused by the negligence of the plaintiff.

Upon these pleadings and the evidence offered, issues were submitted to the jury and answered as follows:

"1. Was the property of the plaintiff Railroad Company damaged by the negligence of the defendant Trucking Company, as alleged in the complaint?

"Answer: YES.

"2. Did the plaintiff Railroad Company by its own negligence contribute to such damage, as alleged in the answer?

"Answer: No.

"3. Was the property of the defendant Trucking Company damaged by the negligence of the plaintiff Railroad Company as alleged in the further answer?

"Answer:

"4. If so, did the defendant Trucking Company by its own negligence contribute to such damage, as alleged in the reply?

"Answer":

The amount of damages in case of recovery by either party was fixed by stipulation.

From judgment on the verdict, the defendant appealed.

*Shepard & Wood for plaintiff, appellee.*
*W. Dennie Spry and Ingle, Rucker & Ingle for defendant, appellant.*

DEVIN, C. J.　This action grew out of the collision between plaintiff's northbound passenger train and the defendant's truck at a street crossing in the town of Dunn.　The collision occurred about midnight 15 September, 1952.　The defendant's truck was being driven by its employee, John W. Kent, eastward along Cumberland Street and across plaintiff's tracks, and when the truck was on the easternmost or northbound track it was struck by plaintiff's train.　Damage to plaintiff's train and to defendant's truck resulted from the collision.

One crossing the plaintiff's tracks at this point, moving from west to east, would cross first the warehouse track, next the southbound track, and then the northbound track.

The plaintiff's evidence tended to show that the driver of defendant's truck, without heeding the signals giving warning of the approach of the train, drove on the track in front of the approaching train without stopping or reducing his speed; that the engineer of plaintiff's train had given timely warning of the approach of the train by blowing the whistle; that the bell was ringing; that the automatic light signals installed on the east side of the crossing were flashing; that there was no obstruction to the view which would have prevented the driver of defendant's truck from seeing the train if he had looked in time; that a truck proceeding in front of defendant's truck and in same direction, gave a warning signal to defendant's truck following.

The defendant's evidence tended to show that one of the crossing signal lights was not working; that the view was partially obstructed; that no warning signals were given by the train in time to be of service, and that plaintiff's train was being operated across a busy street in the town of Dunn, a town of some 6,000 inhabitants, at the rate of 70 or 75 miles per hour; that no signal was sounded from plaintiff's engine until immediately before the collision; that the signal given the driver of defendant's truck by the driver of the truck in front was not such as to be understood by defendant's driver.　Defendant's truck was being operated at speed of 15 or 20 miles per hour.

There was other evidence tending to show measurements of distances, the location of structures, the description of the train lights, the location and character of signal lights, and other attendant circumstances which it is unnecessary to state in detail.　But it is apparent from the brief

statement we have here incorporated that the evidence presented controverted issues of fact for the determination of the jury.

The plaintiff's evidence considered in the light most favorable for the plaintiff was sufficient to carry the case to the jury and the evidence of contributory negligence of plaintiff offered by defendant was not of such character as to warrant judgment of nonsuit on that ground. It is only when the evidence of contributory negligence is so clear that no other conclusion may reasonably be drawn therefrom that nonsuit on that issue, on which the defendant has the burden of proof, may be justified. *Edwards v. Vaughn, ante,* 89, 76 S.E. 2d 359; *Carruthers v. R. R. Co.,* 232 N.C. 183, 59 S.E. 2d 782; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307.

The case, then, being one properly to be submitted to the jury, the next question for decision is whether there was error in the trial that should require a new trial.

The appellant assigns error in the ruling of the trial judge in withdrawing from the consideration of the jury evidence that subsequent to the collision the plaintiff Railroad Company installed gates at the Cumberland Street crossing. It has been generally held that testimony of subsequent repairs and changes as evidence of negligence, or as *quasi* admissions of previous insufficiency, should be excluded, and it has been said that this rule is founded on the policy "that men should be encouraged to improve, or repair, and not be deterred from it by the fear that if they do so their acts will be construed into an admission that they had been wrongdoers." *Fanelty v. Jewelers, Inc.,* 230 N.C. 694, 55 S.E. 2d 493; *Shelton v. R. R.,* 193 N.C. 670, 139 S.E. 232; *McMillan v. R. R.,* 172 N.C. 853, 90 S.E. 683; *Terre Haute and I. R. Co. v. Clem,* 123 Ind. 15. There are exceptions to this rule not here pertinent. Stansbury on Evidence, sec. 180. The ruling of the court on this matter, under the evidence in this case, may not be held for error.

The appellant assigns error in the court's charge to the jury in stating defendant's contention on the fourth issue as follows: "The defendant, on the other hand, contends that you ought not to answer the fourth issue 'Yes,' but on the contrary that you should answer it 'No,' and it likewise, in support of that contention, relies upon the same evidence, the identical evidence, that it relies upon in support of its contention that you ought not to answer the first issue 'Yes,' and in support of its contention that you should answer the second issue 'No.'"

It is urged that the jury was told that the defendant contended the jury should answer the second issue "No" (the issue as to plaintiff's contributory negligence). This was an inadvertence on the part of the learned judge who presided over the trial of this case, but we are unable to perceive that any prejudicial effect could have resulted. The court had

instructed the jury that if they answered the first issue "YES" and the second issue "No" they need not answer the third and fourth issues which were addressed to defendant's counterclaim. The quoted portion of the charge specifically referred to the fourth issue and only incidentally referred to the second issue. The court had charged the jury at length as to the second issue and correctly stated the contentions of the defendant thereon, and there is no reason to conclude that the jury was misled.

The appellant assigned as error the court's instructions to the jury as to the doctrine of sudden emergency. The court correctly stated the rule, and submitted the defendant's contention that its driver was confronted with a sudden emergency and that under this rule the law did not apply to him under those circumstances the degree of care of a prudent man under ordinary conditions, but only required the exercise of the same sort of care in a sudden emergency that an ordinarily prudent man would have exercised similarly situated. Subsequently the court again referred to this rule and added the instruction in relation thereto, in substance, that if the conduct of defendant's driver prior to the arising of the sudden emergency, brought about or created the sudden emergency, or helped to do so, he could not avail himself of that principle. That is, if he negligently put himself in a place of danger, or he found himself in a place of danger that was a result of his own negligence, he could not avail himself of the rule as to sudden emergency.

The appellant argues that in the subsequent instruction of the court on the subject of sudden emergency the jury was told that if the sudden emergency was created by the conduct of the defendant, the principle previously stated would not be available to the defendant, whereas the correct rule is that the conduct of the defendant to render this principle unavailing must have been negligent conduct. However, the court immediately following and in the same connection correctly charged that if the sudden emergency was the result of defendant's driver's own negligence, he could not avail himself of the stated principle of sudden emergency. We think the jury understood that the benefit of the doctrine of sudden emergency was available to the defendant, unless the sudden emergency was created or contributed to by the negligence of defendant's driver. *Ingle v. Cassady,* 208 N.C. 497, 181 S.E. 562; *Hoke v. Greyhound Corp.,* 227 N.C. 412, 42 S.E. 2d 593; *Sparks v. Willis,* 228 N.C. 25, 44 S.E. 2d 343.

Appellant further argues that after having thus instructed the jury as to the negative side of the rule as to sudden emergency, the court should have again stated the affirmative side and told the jury if the sudden emergency was not created by defendant's negligence the principle would be available. But the court had already correctly stated the rule of which the defendant had the benefit and was not required again to state it to the jury.

The appellant's assignment of error that the court in charging the jury failed to comply with G.S. 1-180 cannot be sustained.

We have examined all the exceptions brought forward in appellant's assignments of error and find none of them of sufficient substance to overthrow the verdict and judgment below. Controverted issues of fact were resolved by the jury in favor of the plaintiff, and we conclude that in the trial there was

No error.