JOHN RAY COWAN v. LAUGHRIDGE CONSTRUCTION COMPANY, A CORPORATION

No. 8129SC941

(Filed 18 May 1982)

**Negligence § 29.1— personal injury action—negligence—directed verdict improper**

    In a personal injury action, the trial court erred in entering a directed verdict for defendant where the evidence tended to show plaintiff was helping

to install a roof; defendant furnished a ramp which was the only access to the building's roof; defendant's ramp did not meet certain federal OSHA regulations; defendant's ramp gave under the weight of people crossing it; and plaintiff was injured when one side of the ramp tilted and he fell in an excavated trench which had not been filled.

APPEAL by plaintiff from *Lane, Judge*. Order entered 3 July 1981 in Superior Court, MCDOWELL County. Heard in the Court of Appeals 27 April 1982.

Plaintiff appeals from an order directing a verdict in favor of defendant.

Defendant, as the general contractor of a building to be constructed in Marion, North Carolina, subcontracted with Pyatt Heating and Air Conditioning Company, Incorporated, for the installation of the building's roof. Plaintiff was an employee on Pyatt's roofing crew.

Plaintiff alleges that pursuant to an agreement with Pyatt or, alternatively to the usual custom in the construction industry, defendant provided the subcontractor's employees access to the roof. It furnished a ramp consisting of plywood and boards across a foundation trench from the ground level to a doorsill of the building. The roofing crew placed a ladder on the ramp, which extended to the roof. On 20 August 1976, while working on the roof's installation, plaintiff fell from the ramp onto a cement footing at the bottom of the trench.

Plaintiff alleges that defendant was negligent in furnishing a defective ramp with inadequate safety features and in failing to fill the excavated trench. As a proximate result of defendant's negligence, plaintiff was severely and permanently injured.

Defendant denies plaintiff's allegations and alleges that plaintiff himself was negligent. It alleges that plaintiff used a ladder in an area where he had reason to know there was spilled gravel. Defendant also alleges that should it be found negligent in any respect, then plaintiff's employer was concurrently negligent in using a ladder which failed to conform to safety regulations.

At trial, plaintiff presented evidence that the ramp provided by defendant was level but would give when someone walked across it: "As to whether I had observed any defects of any kind

Cowan v. Laughridge Construction Co.

in the ramp, just that it was pretty flimsy." Plaintiff did not recall whether the ramp was braced for stability. All employees used the ramp, including workmen pushing wheelbarrows of concrete. The ramp was the only access Pyatt's employees had to reach the roof.

Plaintiff's accident occurred about 5:30 p.m. He and another Pyatt employee were standing on the ramp, hoisting up buckets of gravel to the roof: "Ray Trantham was just getting ready to pull the bucket . . . he stepped back some to pull the rope, and I imagine I had too much weight on one side of the scaffold . . . when the bucket came up the platform tilted up on the right-hand corner and throwed me off." There were no guardrails on the ramp for plaintiff to grab. He fell 10 to 12 feet into the foundation trench.

Plaintiff introduced into evidence certain OSHA regulations which require guardrails and toeboards for open-sided runways a certain number of feet above ground. A witness who had been employed in the construction industry for thirty years testified that the custom and practice in the building industry was to require guardrails. Plaintiff also presented evidence that there was no loose gravel on the ramp at the time of the accident.

At the close of plaintiff's evidence, defendant moved for a directed verdict pursuant to Rule 50, North Carolina Rules of Civil Procedure. The court found that there was no evidence of any negligence by defendant and that plaintiff's evidence established contributory negligence as a matter of law. It granted defendant's motion.

*Goldsmith and Goldsmith, by C. Frank Goldsmith, Jr., for plaintiff appellant.*

*Roberts, Cogburn and Williams, by Landon Roberts, James W. Williams, and Isaac N. Northup, Jr., for defendant appellee.*

VAUGHN, Judge.

Negligence is not presumed simply because an accident has occurred. In order to establish a *prima facie* case of negligence, plaintiff must offer evidence that defendant owed him a duty of care, that defendant breached that duty, and that defendant's breach was the actual and proximate cause of plaintiff's injury.

*Burr v. Everhart,* 246 N.C. 327, 98 S.E. 2d 327 (1957). If plaintiff fails to show any one of these elements, it is proper for the court to enter a directed verdict in favor of defendant.

It is the exceptional negligence action, however, where a directed verdict is entered. On a motion for directed verdict, the court must view the evidence in the light most favorable to the plaintiff. Where plaintiff receives the benefit of every reasonable inference, the issues of reasonable care and breach of that care are usually for the jury. *Williams v. Power & Light Co.,* 296 N.C. 400, 250 S.E. 2d 255 (1979); *Robinson v. McMahan,* 11 N.C. App. 275, 181 S.E. 2d 147, *cert. denied,* 279 N.C. 395, 183 S.E. 2d 243 (1971).

In the present action, the court concluded there was insufficient evidence to require submission of the issue of defendant's negligence to the jury. We disagree.

Defendant, as general contractor, subcontracted with plaintiff's employer for the installation of the building's roof. Plaintiff was, therefore, an invitee to whom defendant owed a duty of ordinary care. *Benton v. Construction Co.,* 34 N.C. App. 421, 238 S.E. 2d 655 (1977), *cert. denied,* 294 N.C. 182, 241 S.E. 2d 517 (1978). When defendant furnished a ramp which was the only access to the building's roof, it could reasonably foresee that plaintiff would use the ramp. Defendant owed plaintiff the duty to use proper care in the ramp's construction. *See Casey v. Byrd,* 259 N.C. 721, 131 S.E. 2d 375 (1963).

Plaintiff argues that defendant breached that duty as a matter of law by violating certain federal OSHA regulations. These regulations require guardrails for open runways four feet or more above ground and toeboards wherever tools and materials are likely to be used on the runway. We disagree that defendant's noncompliance constituted negligence *per se.*

The Occupational Safety and Health Act of 1970 (OSHA) was enacted to assure safe working conditions for employees. 29 U.S.C. §§ 651-678. It authorizes the Secretary of Labor to set mandatory safety standards. 29 U.S.C. § 651. In G.S. 95-131(a), the General Assembly of North Carolina has adopted the Secretary's occupational safety and health standards as the rules and regulations of the North Carolina Commissioner of Labor. Plaintiff con-

Cowan v. Laughridge Construction Co.

tends that the adopted regulations establish a standard of care and are enforceable by criminal sanctions. When noncompliance with an administrative safety regulation is criminal, the rule in North Carolina is that the violation is negligence *per se* in a civil trial. *Swaney v. Steel Co.*, 259 N.C. 531, 131 S.E. 2d 601 (1963).

According to G.S. 95-139, however, a willful violation of an OSHA rule constitutes a misdemeanor only if said violation causes the death of an employee. For all other violations, the sanction is a possible *civil* penalty accessed by the Commissioner. G.S. 95-138. We conclude that the adopted OSHA regulations are not penal in nature, and, therefore, a violation does not constitute negligence *per se. Accord Otto v. Specialties, Inc.*, 386 F. Supp. 1240 (N.D. Miss. 1974).

OSHA regulations are, however, some evidence of the custom in the construction industry. *See, e.g., National Marine Service, Inc. v. Gulf Oil Co.*, 433 F. Supp. 913 (E.D. La. 1977), *aff'd* 608 F. 2d 522 (5th Cir. 1979); *Knight v. Burns, Kirkley & Williams Const. Co., Inc.*, 331 So. 2d 651 (Ala. 1976). *See generally* Annot., 79 A.L.R. 3d 962 (1977) (violation of OSHA regulation as affecting tort liability). Custom is admissible to establish the standard of care required of reasonable men in the same circumstances. 1 Stansbury, N.C. Evidence § 95 (Brandis rev. 1973). Therefore, by presenting evidence that defendant had violated certain OSHA regulations, plaintiff presented some evidence on the issue of defendant's negligence. *See Flying Service v. Thomas*, 27 N.C. App. 107, 218 S.E. 2d 203 (1975).

Plaintiff's evidence also showed that defendant's ramp gave under the weight of people crossing it. The accident occurred when one side of the ramp tilted, suggesting that it was not anchored in place. The ramp was located over an open trench which was ten to twelve feet deep.

We hold that such evidence was sufficient to permit a finding that defendant failed to exercise ordinary care in the construction of the ramp and that the results of its failure were foreseeable. It was error for the court to find no negligence as a matter of law.

Defendant argues that the court nevertheless properly entered a directed verdict because plaintiff's evidence established contributory negligence as a matter of law. We disagree.

Contributory negligence is a jury question unless the evidence is so clear that no other conclusion is possible. *R.R. v. Trucking Co.*, 238 N.C. 422, 78 S.E. 2d 159 (1953); *Ridge v. Grimes*, 53 N.C. App. 619, 281 S.E. 2d 448 (1981). In the present action, reasonable men could differ as to whether plaintiff exercised ordinary care in working from a ramp which lacked guardrails. Conflicting conclusions could also arise concerning plaintiff's balancing of weight on the ramp. There was no evidence that plaintiff's fall was caused by loose gravel which he should have observed.

Because the evidence will support a finding that defendant's negligence was the proximate cause of plaintiff's injuries, the court erred in directing a verdict in defendant's favor. The order is reversed.

Reversed.

Judges MARTIN (Robert M.) and ARNOLD concur.