PETE J. LANGLEY, PLAINTIFF v. R. J. REYNOLDS TOBACCO COMPANY, DEFENDANT, AND GEORGE W. KANE, INC., DEFENDANT AND THIRD-PARTY PLAINTIFF v. HERRING DECORATING, INC., THIRD-PARTY DEFENDANT

No. 8821SC358

(Filed 20 December 1988)

1. **Negligence § 50.1— fall of worker through loading dock canopy—summary judgment for building owner and contractor—improper**

    The trial court erred in granting defendants' motions for summary judgment in a negligence action arising from the fall of a worker through a loading dock canopy where the evidence was sufficient to give rise to an inference that plaintiff was an invitee on the premises of both defendants; defendant Reynolds knew or had reason to know that the canopy over the loading dock had been damaged when the general contractor, defendant Kane, dropped debris onto the canopy through which plaintiff fell; and defendant Kane, in response to defendant Reynolds' request, undertook to remedy and correct the situation.

2. **Negligence § 54— fall by worker through canopy—contributory negligence—issues of fact**

    There were material questions of fact as to plaintiff's contributory negligence in an action arising from plaintiff's fall through a loading dock canopy where the evidence gave rise to an inference that plaintiff did not know and did not have reason to know that the canopy above the loading dock was unsafe.

APPEAL by plaintiff from *Freeman, Judge.* Judgments entered 4 November 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals on 28 November 1988.

This is a civil action wherein plaintiff seeks to recover damages for personal injuries allegedly resulting from the negligence of defendant, George W. Kane, Inc. (hereinafter Kane), and defendant, R. J. Reynolds Tobacco Company (hereinafter Reynolds). Both defendants moved for summary judgment. The affidavits and depositions offered in support of and in opposition to the motions for summary judgment tend to show the following:

In 1983, Reynolds hired Kane as a general contractor to renovate a six-story building in Winston-Salem. During the course of this renovation, Kane's employees demolished certain sections of the upper floors of the building, causing bricks and other masonry debris to fall onto a metal canopy below. This metal canopy was located over the loading dock and used as shelter to

protect the dock and the dockworkers from inclement weather. One section of the canopy had been "obliterated" by the falling debris. Reynolds officials notified Kane that it would be responsible for the damage to the canopy and directed Kane to take steps to protect their property from the falling debris. Thereafter, Reynolds officials closed the street adjacent to the building on the side where the canopy was located, and Kane's employees put tires and plywood on top of the metal canopy in an attempt to protect it from the debris. Kane continued to drop bricks onto the canopy, and the plywood became covered with the debris.

After the tires and plywood were in place, plaintiff began waterblasting the exterior walls of the building. At that time, plaintiff was employed by Herring Decorating, Inc. (hereinafter Herring). Herring had been hired by Kane to do high-pressure waterblasting and painting on the exterior portion of the building. Plaintiff was to clean the wall by making a series of "drops" while in an aerial basket. These "drops" consisted of moving vertically from the top of the building to the ground while cleaning the wall from the basket. After each "drop" the basket was moved horizontally to the right, and another vertical "drop" was made. In order to clean all the way down to the metal canopy, it was necessary for plaintiff to get out of the aerial basket and stand on the canopy. It is normal procedure for painters to utilize roof space in order to complete their work.

Plaintiff had made two successful "drops" on the day of the accident. Each time he was lowered in the basket to approximately twelve inches above the canopy. Each time plaintiff stepped out of the basket onto the canopy, removed his safety belt and cleaned the building down to the top of the canopy. On plaintiff's third drop, he stepped out of the aerial basket onto the canopy, removed his safety belt and took a short break. After finishing a soft drink, plaintiff took one step, the metal canopy collapsed and plaintiff fell to the cement loading dock below. Plaintiff sustained severe injuries to his back, right hip and right foot.

From summary judgment for both defendants, plaintiff appealed. The third-party defendant, Herring, also appealed.

   *B. Jeffrey Wood for plaintiff, appellant.*

   *Avery, Crosswhite & Whittenton, by William E. Crosswhite, for third-party defendant, appellant.*

*Womble, Carlyle, Sandridge & Rice, by Reid C. Adams, Jr., for defendant, appellee, R. J. Reynolds Tobacco Company.*

*Petree Stockton & Robinson, by Robert J. Lawing, and Jane C. Jackson, for defendant, appellee George W. Kane, Inc.*

HEDRICK, Chief Judge.

[1] Plaintiff argues the trial court erred in granting defendants' motions for summary judgment. We must first determine plaintiff's relationship to defendant Kane, the general contractor, and defendant Reynolds, the owner of the premises. It is well-settled in this state that a contractor and his employees who go upon the premises of the owner, at the owner's request, are invitees. *Spivey v. Wilcox Company,* 264 N.C. 387, 141 S.E. 2d 808 (1965). The owner, therefore, owes a duty of due care under all the circumstances to the contractor and the contractor's employees. *Id.* Our Supreme Court, in *Deaton v. Elon College,* 226 N.C. 433, 438, 38 S.E. 2d 561, 565 (1946), stated the general rule as follows:

> The owner is not responsible to an independent contractor for injuries from defects or dangers of which the contractor knew or should have known, 'but if the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor, and if he does not do this he is liable for resultant injury.' (Citations omitted.)

It is also well-settled that the employee of a subcontractor working for a general contractor is an invitee in relation to the general contractor. *Wellmon v. Hickory Construction Co.,* 88 N.C. App. 76, 362 S.E. 2d 591 (1987); *Cowan v. Laughridge Construction Co.,* 57 N.C. App. 321, 291 S.E. 2d 287 (1982). Ordinarily, therefore, both the general contractor and the owner of the premises owe to the subcontractor and its employees the duty of ordinary care. This rule extends only to defects which the subcontractor or his employees could not have reasonably discovered and of which the owner or general contractor knew or should have known. *Wellmon v. Hickory Construction Co.,* 88 N.C. App. 76, 362 S.E. 2d 591 (1987).

Applying the foregoing principles to the facts in the present case, we hold the forecast of evidence is sufficient under G.S.

1A-1, Rule 56 to give rise to an inference that plaintiff, as an employee of Herring, was an invitee on the premises of both defendants wherein he was performing work in furtherance of his employer's contract with the general contractor. We further hold that the forecast of evidence is such as to require reversal of summary judgment entered in favor of both defendants. The forecast of evidence is such as to give rise to an inference that defendant Reynolds knew or had reason to know that the canopy over the loading dock had been damaged when the general contractor, defendant Kane, dropped debris onto the canopy through which plaintiff fell. The forecast of evidence is also sufficient to raise an inference that defendant Kane, in response to defendant Reynolds' request, undertook to remedy and correct the situation caused by the falling debris by placing tires and plywood over the canopy. From this forecast, the jury could find that not only the owner, defendant Reynolds, knew or had reason to know of the unsafe condition of the canopy, but that the general contractor, defendant Kane, knew or had reason to know of the weakened and unsafe condition of the canopy through which plaintiff fell. The condition of the canopy immediately before plaintiff fell and what, if anything, the owner knew or should have known, and what, if anything, the general contractor knew or should have known are all circumstances to be resolved by the trier of the facts after plaintiff has had an opportunity to develop his case before a judge and jury.

[2] Defendants' contentions that the evidence discloses contributory negligence on the part of plaintiff as a matter of law is likewise without merit. The same evidence that gives rise to genuine issues of material fact with respect to the negligence of defendants also gives rise to material questions of fact as to plaintiff's contributory negligence. Issues of contributory negligence, like those of ordinary negligence, are rarely appropriate for summary judgment. *Meadows v. Lawrence*, 75 N.C. App. 86, 330 S.E. 2d 47 (1985), *aff'd per curiam*, 315 N.C. 383, 337 S.E. 2d 851 (1986). Summary judgment will only be granted where plaintiff's own evidence so clearly discloses contributory negligence that no other reasonable conclusion could be reached. *Izard v. Hickory City Schools Bd. of Education*, 68 N.C. App. 625, 315 S.E. 2d 756 (1984).

The forecast of evidence is such as to give rise to an inference that plaintiff did not know and did not have reason to know that the canopy above the loading dock was unsafe. The forecast is such as to give rise to inferences that defendant Kane's own employees walked upon the canopy, and they attempted to protect the canopy by placing tires and plywood over it as a shield. Whether the unsafe condition of the canopy was obvious and would bar plaintiff's claim by his own negligence in walking upon it is for the jury's determination, taking into consideration all of the circumstances surrounding the accident. In our opinion, none of the numerous cases cited by defendants in support of their contentions are controlling.

The purported appeal of the third-party defendant of its denial of its motion for summary judgment will be dismissed. Ordinarily, an appeal does not lie from the denial of a motion for summary judgment because no substantial right is affected. *See* G.S. 1-277; *Hill v. Smith*, 38 N.C. App. 625, 248 S.E. 2d 455 (1978); *Motyka v. Nappier*, 9 N.C. App. 579, 176 S.E. 2d 858 (1970).

Summary judgment for defendants with respect to plaintiff's claims are reversed and the cause remanded to the superior court for further proceedings.

Reversed and remanded in part; dismissed in part.

Judges JOHNSON and PARKER concur.