ROBERT GEORGE LOPEZ, PLAINTIFF v. JERRY WARNER SNOWDEN AND THE CITY OF ASHEVILLE, DEFENDANTS

No. 8928SC465

(Filed 5 December 1989)

**Automobiles and Other Vehicles § 57.4 (NCI3d) — intersection collision with fire truck — summary judgment improper**

In an action to recover for injuries sustained in a collision with a fire truck the trial court erred in entering summary judgment for defendants where there were issues of fact as to whether defendant driver had his siren on; whether it could be heard for the statutorily prescribed distance; whether plaintiff could have heard it as he approached the intersection where the accident occurred; whether defendant driver's decision to go around the cars blocking the intersection by means of the mandatory right turn lane instead of choosing the unoccupied lanes to the left of the stopped cars may have been misleading to other motorists, unnecessarily restricting defendant's view of the intersection, and restricting plaintiff's view of the fire engine; whether it was negligence for defend-

ant to accelerate to the speed of 15-20 m.p.h. before the fire engine had completely cleared the intersection without first determining that the intersection was clear and that all traffic had stopped; and whether plaintiff was contributorily negligent.

**Am Jur 2d, Automobiles and Highway Traffic §§ 418, 835-837, 975.**

APPEAL by plaintiff from an order entered 30 January 1989 in BUNCOMBE County Superior Court by *Judge Charles C. Lamm, Jr.* Heard in the Court of Appeals 7 November 1989.

On 23 June 1987 at approximately 9:00 p.m., plaintiff's Volkswagen and an Asheville Fire Department fire truck driven by defendant Jerry Snowden collided. The accident occurred at an intersection which is controlled by a three-light traffic signal. Defendant's fire engine had been dispatched in response to an alarm and was operating a rotating beacon light plus flashing lights on the front and rear. Defendant Snowden and his captain testified upon deposition that the engine's siren was on. Two witnesses to the incident testified that they heard the siren whereas three witnesses testified that they did not hear it. When the fire engine approached the intersection, the lanes were blocked by vehicles which had been stopped by a red light. Snowden moved the fire truck to the right of those vehicles into a mandatory right turn lane and slowed or stopped. This outside, or curb lane, curves sharply to the right and is controlled by a yield sign. Snowden then increased the speed of the fire truck and proceeded through the intersection. Plaintiff approached the intersection from the fire truck's right and had the green light. Plaintiff's Volkswagen struck the right front of the fire truck and subsequently collided with another automobile. The fire truck was two-thirds through the intersection at the point of impact. Plaintiff sustained severe personal injuries. Plaintiff instituted this action and defendants moved for summary judgment. The trial judge entered summary judgment on behalf of both defendants. Plaintiff appeals.

*Moore, Lindsay & True, by Stephen P. Lindsay, for plaintiff-appellant.*

*Roberts, Stevens & Cogburn, P.A., by Steven D. Cogburn and Glenn S. Gentry, for defendants-appellees.*

LEWIS, Judge.

The North Carolina Rules of Civil Procedure provide that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. Section 1A-1, N.C.R.Civ.P. 56(c). All evidence before the court must be construed in the light most favorable to the nonmoving party. The slightest doubt as to the facts entitles the nonmoving party to a trial. *Miller v. Snipes*, 12 N.C. App. 342, 344-45, 183 S.E.2d 270, 272, *cert. denied*, 279 N.C. 619, 184 S.E.2d 883 (1971). Summary judgment is usually not appropriate in negligence cases where the standard of the prudent man must be applied. *Robinson v. McMahan*, 11 N.C. App. 275, 280, 181 S.E.2d 147, 150, *cert. denied*, 279 N.C. 395, 183 S.E.2d 243 (1971). It is only in the exceptional negligence case that summary judgment should be invoked. *Id.*

> This is so because even in a case in which there may be no substantial dispute as to what occurred, it usually remains for the jury, under appropriate instructions from the court, to apply the standard of the reasonably prudent man to the facts of the case in order to determine where the negligence, if any, lay and what was the proximate cause of the aggrieved party's injuries.

*Id.*

The provisions of North Carolina General Statutes Section 20-156(b) control in determining the standard for examining this accident.

> The driver of a vehicle upon the highway shall yield the right-of-way to . . . fire department vehicles . . . when the operators of said vehicles are giving a warning signal by appropriate light and by . . . siren . . . audible under normal conditions from a distance not less than 1,000 feet. When appropriate warning signals are being given, as provided in this subsection, an emergency vehicle may proceed through an intersection . . . when the emergency vehicle is facing . . . a traffic light which is emitting . . . a beam of steady . . . red light. This provision shall not operate to relieve the driver of a . . . fire

department vehicle . . . from the duty to drive with due regard for the safety of all persons using the highway. . . .

Plaintiff contends that defendant negligently failed in his duty to operate the fire engine with due regard for plaintiff's safety in three respects.

## I: SIREN

There is conflicting evidence concerning the question of whether or not defendant Snowden did, in fact, have his siren on, whether it could be heard for the statutorily prescribed distance, and whether plaintiff could have heard it as he proceeded up the exit ramp towards the intersection. Although two witnesses testified that they heard the sirens, three witnesses who were also stopped at the intersection at the time of the accident stated that they did *not* hear a siren. One witness, Robert Atkins, testified that he had his windows rolled up and that he was playing his radio "pretty loud" listening to a rendition of Led Zepplin of "Stairway to Heaven." There were, however, two other witnesses, Scott Gardner and Phillip Lewis Roberts, under no listening disability, who stated that even though they could see the fire truck, they did not hear a siren. *McEwen Funeral Service, Inc. v. Charlotte City Coach Lines, Inc.*, 248 N.C. 146, 151, 102 S.E.2d 816, 820-21 (1958), holds that no duty rests on an operator of a motor vehicle making normal use of a highway to yield right-of-way to another vehicle on an emergency mission until an appropriate warning has been directed to him and he has a reasonable opportunity to yield his right-of-way. Conflicting testimony such as that found in this case raises a jury question and indicates that summary judgment is not a proper disposition of these questions.

## II: ELECTION OF LANES

Defendant Snowden's decision to go around the cars blocking the intersection by means of the mandatory right turn lane instead of choosing the unoccupied lanes to the left of the stopped cars may have been misleading to other motorists, unnecessarily restricting the defendant's view of the intersection, and restricting plaintiff's view of the fire engine. When defendant Snowden came to the intersection, he was blocked by traffic in all three northbound lanes. Instead of moving out to his left into the unoccupied southbound lanes where oncoming traffic was stopped at the stoplight and could see him, and from which point he would have had a

wider view of the intersection, he chose instead to go to the right of the stopped cars. He moved into the mandatory right turn lane, causing a vehicle to back up to let him through and he then squeezed between a traffic island and the traffic lane in order to enter the intersection. Ordinarily, traffic entering that intersection at a right angle to the direction of the fire truck could ignore traffic in the mandatory right turn lane since vehicles in that lane would proceed away from the intersection and would pose no threat to traffic entering the intersection. Defendant Snowden's election of lanes could have misled plaintiff who would not have anticipated that a vehicle would enter the intersection from a mandatory right turn lane. Plaintiff's view of the fire engine was also limited because of defendant's election of lanes since there were vehicles higher than plaintiff's occupying the inside lane located between plaintiff and the fire truck.

## III: SPEED

Defendant Snowden increased the speed of the fire engine once he entered the intersection to approximately 15-20 miles per hour at the time of the collision. At that speed, it is possible that defendant could not have stopped even had he maintained proper lookout for plaintiff. Plaintiff contends that it was negligence for defendant to accelerate to the speed of 15-20 miles per hour before the fire engine had completely cleared the intersection, pointing out defendant's alleged failure first to determine that the intersection was clear and that all traffic had stopped before defendant proceeded through the intersection against the red light. There are questions of fact upon which reasonable persons could differ; therefore, summary judgment is not appropriate.

Defendants allege that "even if, assuming *arguendo*, that the evidence does suggest some negligence upon the part of Defendant, the evidence further reveals Plaintiff to be contributorily negligent as a matter of law." The applicable law concerning the appropriate weight given to issues of contributory negligence in summary judgment actions was discussed in *Langley v. R.J. Reynolds Tobacco Company*, 92 N.C. App. 327, 330, 374 S.E.2d 443, 446 (1988), *disc. rev. denied*, 324 N.C. 433, 379 S.E.2d 241 (1989).

> Issues of contributory negligence, like those of ordinary negligence, are rarely appropriate for summary judgment. Summary judgment will only be granted where plaintiff's own

evidence so clearly discloses contributory negligence that no other reasonable conclusion could be reached. (Citations omitted.)

Plaintiff's forecast of the evidence is that plaintiff proceeded from the exit ramp towards the intersection in his small, noisy Volkswagen beetle; that his view of the intersection was obstructed, first by a hill, then by vehicles higher than his which were occupying the inside lane; that he, like others in the vicinity of the intersection, did not hear any siren; and that plaintiff neither saw nor heard the fire engine coming. When viewed in the light most favorable to the plaintiff, the available evidence is insufficient to either support or compel a conclusion that plaintiff was contributorily negligent as a matter of law. *See Meadows v. Lawrence*, 75 N.C. App. 86, 88, 330 S.E.2d 47, 49 (1985), *aff'd per curiam*, 315 N.C. 383, 337 S.E.2d 851 (1986).

The summary judgment entered on behalf of defendants is reversed and remanded.

Reversed and remanded.

Judges JOHNSON and COZORT concur.