JAMES KEVIN PIKE, Plaintiff v. D.A. FIORE CONSTRUCTION SERVICES, INC.,
a North Carolina Corporation, Defendant

No. COA09-520

(Filed 8 December 2009)

**Negligence— duty of care—general contractor to subcontractor's employee**

   The trial court did not err in a negligence case arising out of a construction accident by granting summary judgment in favor of defendant general contractor and dismissing the action with prejudice because plaintiff subcontractor employee did not establish that defendant failed to exercise proper care in the performance of a duty owed to plaintiff.

Appeal by plaintiff from order entered 4 February 2009 by Judge Mark Powell in Buncombe County Superior Court. Heard in the Court of Appeals 12 October 2009.

*The Moore Law Office, by George W. Moore, for plaintiff-appellant.*

*Northup, McConnell & Sizemore, PLLC, by Robert E. Allen, for defendant-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Jaye Bingham, for workers' compensation employer and carrier.*

MARTIN, Chief Judge.

Plaintiff James Kevin Pike[1] appeals from the trial court's order granting summary judgment in favor of defendant D.A. Fiore Construction Services, Inc. ("defendant-general contractor") and dismissing the action with prejudice. For the reasons stated, we must affirm.

The parties do not dispute that, in March 2006, plaintiff was employed as a carpenter by B.G. Construction. At that time, B.G. Construction was employed by defendant as a framing subcontractor on a residential construction project for which defendant was the general contractor.

Plaintiff worked as the "cut man" on B.G. Construction's three-member crew and, on 16 March 2006, was responsible for cutting

---

   1. Plaintiff died after filing his Notice of Appeal. The administrator of his estate, Tracie S. Hart, has been substituted as a party plaintiff. However, this opinion still refers to the decedent as "plaintiff."

sheets of plywood for the other crew members to use to "sheet[] the roof." The parties agree that, on that day, plaintiff undertook to relocate his cutting operation from the ground to a second-floor landing located in the interior of the residential structure in order to facilitate his ability to pass plywood panels to the other members of his crew while they worked on the roof of the structure. In order to help plaintiff relocate his cutting operation, the other two members of plaintiff's crew began to pass sheets of 4-foot-by-8-foot plywood from the ground to plaintiff, who was located on the second-floor landing. Plaintiff alleges that he was in the process of stacking one of the thirty-pound sheets of plywood when he stepped backwards and fell from the landing onto the concrete floor approximately ten feet below. Plaintiff further alleges that, "[a]s a result of his fall, [plaintiff] struck the back of his head on the concrete floor and the plywood board that he had been holding when he fell struck his forehead." Consequently, plaintiff sustained "a depressed skull fracture and a complex laceration of his scalp, which . . . resulted in traumatic brain injury." The parties do not dispute that, at the time that plaintiff fell, the second-floor landing was not equipped with a guardrail and, unlike the other two members of his crew, plaintiff was not wearing a safety harness. However, while defendant-general contractor asserts that, "[p]rior to the fall, a railing had been installed, which the plaintiff removed," plaintiff asserts that "[n]o person removed the railing from the platform because no railing was ever placed on the platform."

Plaintiff filed a workers' compensation claim against his employer, B.G. Construction, for which he was awarded compensation benefits pursuant to an Opinion and Award by the North Carolina Industrial Commission. On 19 June 2007, plaintiff filed his Complaint in the present action in Buncombe County Superior Court against defendant-general contractor, alleging that plaintiff's injuries "were proximately caused by [defendant-general contractor's] negligence." In defendant-general contractor's Amended Answer to Plaintiff's Complaint, it denied plaintiff's allegations and set forth four affirmative defenses, including its contention that "plaintiff's injuries were proximately caused by his own contributory negligence."

On 8 October 2008, defendant-general contractor moved for summary judgment on the grounds that "a general contractor owes no duty to the employee of a subcontractor under the circumstances of this case, and on the grounds that the undisputed facts of this case establish that the [p]laintiff was contributorily negligent as a matter

of law." The trial court heard the motion on 6 January 2009. On 4 February 2009, the court entered its order granting defendant-general contractor's motion for summary judgment and dismissing the action with prejudice. Plaintiff gave timely notice of appeal to this Court on 10 February 2009.

---

"In a negligence action, to survive a motion for summary judgment, plaintiff must establish a *prima facie* case by showing": " '(1) that defendant failed to exercise proper care in the performance of a duty owed plaintiff; (2) the negligent breach of that duty was a proximate cause of plaintiff's injury; and (3) a person of ordinary prudence should have foreseen that plaintiff's injury was probable under the circumstances.' " *Bolick v. Bon Worth, Inc.*, 150 N.C. App. 428, 430, 562 S.E.2d 602, 603 (quoting *Lavelle v. Schultz*, 120 N.C. App. 857, 859-60, 463 S.E.2d 567, 569 (1995), *disc. review denied*, 342 N.C. 656, 467 S.E.2d 715 (1996)), *disc. review denied*, 356 N.C. 297, 570 S.E.2d 498 (2002). Thus, although "negligence actions are rarely susceptible to summary judgment[,] . . . if it is shown the defendant had no duty of care to the plaintiff, summary judgment is appropriate." *Croker v. Yadkin, Inc.*, 130 N.C. App. 64, 66-67, 502 S.E.2d 404, 406 (citation omitted), *disc. review denied*, 349 N.C. 355, 525 S.E.2d 449 (1998).

"The Courts of North Carolina have long recognized that a general contractor is not liable for injuries sustained by a subcontractor's employees." *Hooper v. Pizzagalli Constr. Co.*, 112 N.C. App. 400, 403, 436 S.E.2d 145, 148 (1993) (citing *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991)), *disc. review denied*, 335 N.C. 770, 442 S.E.2d 516 (1994). Moreover, "North Carolina law provides that a general contractor does not have a duty to furnish a subcontractor or the subcontractor's employees with a safe place in which to work." *Id.* at 403-04, 436 S.E.2d at 148 (citing *Brown v. Texas Co.*, 237 N.C. 738, 76 S.E.2d 45 (1953)). "Instead, it is the duty of the subcontractor to provide himself and his employees with a safe place to work and, also, to provide proper safeguards against the dangers of the work." *Id.* at 404, 436 S.E.2d at 148. "However, North Carolina does recognize a few exceptions to the general rule of no liability." *Id.* "These exceptions are: (1) situations where the contractor retains control over the manner and method of the subcontractor's substantive work, (2) situations where the work is deemed to be inherently dangerous, and (3) situations involving negligent hiring and/or retention of the subcontractor by the general contractor." *Id.*

"It is also well-settled that the employee of a subcontractor working for a general contractor is an invitee [or lawful visitor] in relation to the general contractor." *Langley v. R.J. Reynolds Tobacco Co.*, 92 N.C. App. 327, 329, 374 S.E.2d 443, 445 (1988) (citing *Wellmon v. Hickory Constr. Co.*, 88 N.C. App. 76, 362 S.E.2d 591 (1987), *disc. review denied*, 322 N.C. 115, 367 S.E.2d 921 (1988); *Cowan v. Laughridge Constr. Co.*, 57 N.C. App. 321, 291 S.E.2d 287 (1982)), *disc. review denied*, 324 N.C. 433, 379 S.E.2d 241 (1989). "Ordinarily, therefore, both the general contractor and the owner of the premises owe to the subcontractor and its employees the duty of ordinary care." *Id.* However, "[t]his rule extends only to defects which the subcontractor or his employees could not have reasonably discovered and of which the owner or general contractor knew or should have known." *Id.*

In the present case, plaintiff does not allege that defendant-general contractor's liability arises from one of the recognized exceptions to the prevailing rule that a general contractor is not liable for injuries sustained by a subcontractor's employee. Plaintiff also does not allege that defendant-general contractor breached a "duty of ordinary care" owed to plaintiff as a lawful visitor. Instead, plaintiff alleges only that, "as the prime or general contractor of the construction project where the [p]laintiff [was a lawful visitor, defendant-general contractor] . . . owed a duty to the [p]laintiff to comply with [all applicable] safety requirements and regulations," and that defendant-general contractor was negligent because it failed to comply with several federal Occupational Safety and Health Administration ("OSHA") regulations. Plaintiff then directs this Court's attention to excerpts from *Cowan v. Laughridge Construction Co.*, 57 N.C. App. 321, 291 S.E.2d 287 (1982), to support his contention that North Carolina courts have "recognized liability of a general contractor for injuries to employees of subcontractors on construction sites" based on a general contractor's failure to comply with OSHA regulations, even though this Court concluded in *Cowan* that a violation of federal OSHA regulations "does not constitute negligence *per se.*" *See Cowan*, 57 N.C. App. at 325, 291 S.E.2d at 290; *see also* N.C. Gen. Stat. § 95-131(a) (2007) (adopting federal OSHA regulations as the rules of the North Carolina Commissioner of Labor). After careful review, we conclude that plaintiff has misapplied *Cowan* to the present case.

In *Cowan*, a roofing subcontractor's employee was injured after falling off of a ramp that was furnished by the general contractor. *See Cowan*, 57 N.C. App. at 322, 291 S.E.2d at 288. The ramp, which was

used by "[a]ll employees" and was "the only access [the subcontractor's] employees had to reach the roof," was alleged to have been furnished by the defendant. *See id.* at 322-23, 291 S.E.2d at 288. This Court recognized that the plaintiff was "an invitee to whom defendant owed a duty of ordinary care," and so stated that, "*[w]hen defendant furnished a ramp* which was the only access to the building's roof, it could reasonably foresee that plaintiff would use the ramp. [Accordingly, this Court determined that d]efendant *owed plaintiff the duty to use proper care in the ramp's construction.*" *Id.* at 324, 291 S.E.2d at 289 (emphasis added) (citing *Casey v. Byrd*, 259 N.C. 721, 723, 131 S.E.2d 375, 377 (1963) (stating that, where a contractor "furnishes appliances to be used for a particular purpose with knowledge of such use, he is liable for a defect therein created by his own negligence, or negligently permitted to exist, where such negligence renders the appliance dangerous to life and limb of those who may use the same" (internal quotation marks omitted))). Consequently, after considering all of the evidence, including evidence that the general contractor had violated certain OSHA regulations by furnishing a ramp without guardrails and toeboards for use by all lawful visitors, this Court held that all of the evidence was "sufficient to permit a finding that defendant failed to exercise ordinary care in the construction of the ramp and that the results of its failure were foreseeable." *See id.* at 325, 291 S.E.2d at 290.

However, unlike *Cowan*, the evidence in the present case does not show that the landing from which plaintiff fell was constructed or furnished by defendant-general contractor for the purpose of giving plaintiff access to the roof. The landing was a balcony located in the interior of the residential structure, built by one of plaintiff's employer's subcontractors for the purpose of overlooking the interior living area. Further, although plaintiff alleges that he was "required to perform his job duties" on the landing from which he fell, plaintiff provides no evidence to support this allegation. Plaintiff and one of his co-workers testified that the members of their crew chose to relocate to the second-floor landing on their own, even though plaintiff's employer testified that he was prepared to provide steel scaffolding, ladders, metal walk boards, and harnesses if such equipment was required for the performance of the work. In other words, unlike *Cowan*, plaintiff in the present case neither alleged nor presented evidence that defendant-general contractor breached any duty owed to plaintiff as a lawful visitor on the premises. Thus, *Cowan* does not support plaintiff's assertion that defendant-general contractor's alleged failure to comply with OSHA regulations establishes

that defendant-general contractor "failed to exercise proper care in the performance of a duty owed plaintiff" as a lawful visitor. *See Bolick*, 150 N.C. App. at 430, 562 S.E.2d at 603 (internal quotation marks omitted).

Plaintiff also asserts that *Sloan v. Miller Building Corp.*, 119 N.C. App. 162, 458 S.E.2d 30, *disc. review denied*, 341 N.C. 652, 462 S.E.2d 517 (1995), supports his contention that defendant-general contractor breached a duty owed to plaintiff in the present case. In *Sloan*, this Court held that the trial court improperly granted summary judgment in favor of the general contractor where a subcontractor's employee was injured after falling from the third floor at a site where the general contractor had been cited for a serious OSHA violation involving the general contractor's "failure to have standard railings or the equivalent on the open-sided second and third floors." *See Sloan*, 119 N.C. App. at 164-65, 458 S.E.2d at 31. However, "[t]he sole issue presented by the parties [on appeal in *Sloan* wa]s whether the trial court erred by finding evidence of defendant's willful or wanton negligence insufficient to overcome the bar of contributory negligence . . . ." *Id.* at 163, 458 S.E.2d at 30. Since the issue of whether the general contractor had breached any duty owed to a subcontractor's employee was not before this Court in *Sloan*, we conclude that *Sloan* is not instructive on the issue of whether plaintiff established that defendant-general contractor "failed to exercise proper care in the performance of a duty owed plaintiff." *See Bolick*, 150 N.C. App. at 430, 562 S.E.2d at 603 (internal quotation marks omitted).

We further conclude that plaintiff's reliance on *North Carolina Commissioner of Labor v. Weekley Homes, L.P.*, 169 N.C. App. 17, 609 S.E.2d 407, *appeal dismissed and disc. review denied*, 359 N.C. 629, 616 S.E.2d 227 (2005), is misplaced. In *Weekley Homes*, a safety compliance officer with the North Carolina Department of Labor issued a citation to the general contractor after observing one of its subcontractor's employees working without fall protection on a steep pitch roof over six feet from the ground in violation of OSHA regulations. *See Weekley Homes*, 169 N.C. App. at 18-19, 609 S.E.2d at 410. The matter on appeal before this Court in *Weekley Homes* was whether an administrative agency could issue a citation holding a general contractor "liable for violations that its subcontractor may create if [the general contractor] could reasonably have been expected to detect the violation by inspecting the job site." *See id.* at 28, 609 S.E.2d at 415. However, since, contrary to plaintiff's suggestion, *Weekley Homes* has not been recognized to stand for the propo-

sition that a general contractor's violation of OSHA regulations necessarily gives rise to tort liability, we further conclude that *Weekley Homes* is not instructive in the present case.

Because plaintiff has not established that defendant-general contractor failed to exercise proper care in the performance of a duty owed to plaintiff which could serve as the basis for defendant-general contractor's liability to plaintiff, *see Bolick*, 150 N.C. App. at 430, 562 S.E.2d at 603, we hold the trial court did not err when it allowed defendant-general contractor's motion for summary judgment and dismissed the action with prejudice. Our disposition renders it unnecessary to address plaintiff's remaining argument.

Affirmed.

Judges JACKSON and ERVIN concur.